(112 So. 312)

## WILDER v. REED.   (7 Div. 706.)

Supreme Court of Alabama.    April 7, 1927.

1. **Evidence ⬤⟿222(10)—Statements by partners not in presence of one claiming as purchaser from individual partner held inadmissible against him, in suit to determine title.**

In bill by purchaser of property from receiver of partnership to obtain clear title to property, evidence of statements to others by members of partnership *held* inadmissible against party claiming property as purchaser from individual partner, who was not present at time.

2. **Appeal and error ⬤⟿204(1)—Incompetent testimony need not be objected to in equity, since court on appeal considers only competent testimony (Code 1923, § 6565).**

Under Code 1923, § 6565, in equity cases it is unnecessary that incompetent testimony be objected to, since court on appeal is to consider only competent, relevant, and material testimony.

3. **Evidence ⬤⟿265(18)—Oral statements of defendant should be received with great caution, in suit to determine title to property.**

In equity suit to determine title to property purchased from partnership, verbal statements by defendant claiming as prior purchaser from individual partner should be received with great caution.

4. **Specific performance ⬤⟿121(1)—Complainant to be entitled to specific performance must clearly establish case.**

In cases of specific performance, complainant must establish his case by such proof as to produce clear conviction in judicial mind, mere doubt not being sufficient.

5. **Specific performance ⬤⟿121(3)—Purchaser from receiver of partnership not entitled to specific performance on evidence of prior purchaser from individual partner occupying premises for 10 years.**

Purchaser of property from receiver of partnership, *held* not entitled to decree of specific performance, under evidence of another's claim to have previously purchased property from individual partner and to have occupied premises under claim of ownership for period of 10 years.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill in equity by W. O. Wilder against R. Dukes Reed and others. From a decree denying relief as to defendant Reed, complainant appeals. Affirmed.

Culli, Hunt & Culli, of Gadsden, for appellant.

The receiver of the partnership could have maintained this suit, and where specific performance would be decreed between immediate parties it will also be decreed between the parties claiming under them. Davis v. Williams, 121 Ala. 542, 25 So. 704; Blair v.

Morris, 212 Ala. 91, 101 So. 745. Where equity has jurisdiction, it will retain it for all purposes. Houston Canning Co. v. Va. Can Co., 211 Ala. 232, 100 So. 105, 35 A. L. R. 912. The possession of the tenant is not adverse to his landlord, so long as the relation exists and is recognized between them. 35 C. J. 1249; Ponder v. Cheeves, 104 Ala. 307, 16 So. 145. Where title to property, acquired by or for a partnership, is taken in the name of one of the partners, there is a resulting trust in favor of the partnership. 30 Cyc. 428–434. The bill shows an agreement for the sale of the property, which was fully executed, except in the making and delivery of a deed. Bentley v. Barnes, 162 Ala. 524, 50 So. 361.

Hugh Reed, of Centre, for appellee.

Appellant is in no better position than the receiver would have been, and the receiver would not be permitted to recover. Brooke v. Kettler, 166 Ala. 76, 51 So. 940. Specific performance is not a matter of right but entirely of discretion. Blackwilder v. Loveless, 21 Ala. 371. In a bill for specific performance, great accuracy of averment is required, and relief is granted only on clear and satisfactory proof. Every allegation of the bill must be proven. Daniel v. Collins, 57 Ala. 627; Brown v. Weaver, 113 Ala. 228, 20 So. 964; Johnston v. Jones, 85 Ala. 287, 4 So. 748; Allen v. Young, 88 Ala. 340, 6 So. 747.

GARDNER, J. Upon the death of two members of the partnership firm of Lasseter-James Mule Company, receivership proceedings were instituted, and in the course of the administration of the assets of said firm the receiver sold at public outcry the north one-third of lot 162, situated in Cedar Bluff, Cherokee county, upon which a house was located—complainant to this bill becoming the purchaser, and deed by the receiver was duly executed following confirmation of the sale. R. Dukes Reed, one of the defendants to this bill, was occupying the premises at the time, and he gave notice at the sale of his adverse claim of ownership and that the property did not constitute any part of the said partnership assets. T. L. and W. J. Lasseter were the surviving members of said partnership, and with R. Dukes Reed constitute the parties defendant to this bill.

The bill seeks to have said house and lot adjudged to be assets of the Lasseter-James Mule Company, and that all right, title, or claim thereto be divested out of the parties defendant to this proceeding. No question is here presented questioning the equity of the bill or its sufficiency in any respect. In its last analysis, the suit in its principal aspect is one for specific performance. The legal title to the property was (it appears without dispute) in T. L. Lasseter, and complain-

ant's case appears to rest upon the theory that it was by said Lasseter sold to the Lasseter-James Mule Company, the purchase money being paid and the purchaser placed in possession, but no deed executed.

The defendants denied that the property was ever purchased by said partnership, or that it had any interest therein. Defendant Reed insisted specially that he had purchased the property from T. L. Lasseter, paid for same, and occupied it under claim of ownership for a period of 10 years. As to defendant Reed, complainant's insistence was that he entered upon the property as a tenant of the said partnership, and that his occupancy was in that capacity.

Upon consideration of the cause, the trial court concluded that the suit was in reality against defendant Reed, and that as without relief against Reed complainant would not be benefited, the decree would actually only adjudge the cause between complainant and defendant Reed, which was done. Relief was denied complainant as against said Reed, and is to be properly interpreted as a dismissal of the bill without prejudice as against the Lasseters. For all practical purposes, the cause may be so treated and considered here.

The evidence of defendant Reed was positive and emphatic that he purchased the property from T. L. Lasseter (in whom was the legal title), the amount of the consideration, and the manner of its payment, and that the Lasseter-James Mule Company was never in possession thereof, and furnished no part of the material for the erection of the house thereon, and has no interest therein. In this latter statement he is corroborated by W. J. Lasseter, one of the surviving members of the firm. As to the actual facts testified to by this defendant, they do not appear to be disputed by any one assuming to have knowledge thereof.

[1-3] The larger portion of the evidence for complainant consists of statements to others made by the defendant members of this firm, but these statements are inadmissible as against defendant Reed, who was not present at the time. By virtue of the provision of section 6565, Code of 1923, in equity cases it is unnecessary that incompetent testimony be objected to, as the court, on appeal, is to consider only competent, relevant, and material testimony. Burkett v. Newell, 212 Ala. 183, 101 So. 836; Ala. Bank. & Trust Co. v. Jones, 213 Ala. 398, 104 So. 785. As to the testimony of any statement made by defendant Reed, himself, the generally accepted rule must be borne in mind that, in cases of this character, such verbal declarations should be received with great caution, for the reasons set forth in Rodgers v. Burt, 157 Ala. 91, 47 So. 226, which need not be here repeated.

[4] The court should also bear in mind, in the consideration of this cause, that in cases of specific performance complainant must establish his case by such proof as to produce clear conviction in the judicial mind. "Courts, in such cases, will not grope their way on inconclusive probabilities." Burt v. Moses, 211 Ala. 47, 99 So. 106.

[5] A discussion of the evidence would serve no useful purpose. Suffice it to say that it has been carefully considered. That its consideration as a whole may produce some doubt or suspicion as to the true situation is not sufficient. The complainant's case must be made by clear proof. We conclude that complainant has failed to establish his cause by the high degree of proof required, and that the decree of the court below should not be here disturbed.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.