(121 So. 78)

JONES et al. v. JONES et al.    (7 Div. 836.)

Supreme Court of Alabama.    March 21, 1929.

Harrison & Stringer, of Talladega, for appellants.

Charles F. Douglas, of Anniston, and Knox, Dixon, Sims & Bingham, of Talladega, for appellees.

GARDNER, J. D. B. Jones died intestate in April, 1926, a resident of the town of Munford, Talladega County, owning the house and lot on which he resided at the time of his death, together with other real estate not here necessary to note. He left no widow, but several heirs, and this litigation arose over a petition on the part of some of the heirs to have all the realty sold for division. One son, John D. Jones, insists that his father, during his life, gave him the house and lot in Munford by way of compensation for services rendered the latter days of his life. By cross-bill he sought specific performance of this contract. The agreement was oral, and the effort on the part of cross-complainant is to take the same from without the statute of frauds by proof of performance of services as in payment of the consideration, and being placed in possession of the property by the father. Section 8034, subd. 5, Code of 1923.

The chancellor, upon consideration of the cause for final decree on pleadings and proof, granted cross-complainant relief as to the house and lot at Munford, and ordered the other property sold for division. From this decree granting cross-complainant relief, complainants to the original bill prosecute the appeal here.

■ We think it sufficiently is made to appear cross-complainant and his wife sold their home in Ohio and returned to Munford at the solicitation of the father. They lived near him for some time, and visited him often. Three weeks before his death, the father requested this son and his wife to move into his home. This was done, and the evidence tends to show they kept the house and cared for the father, who remained in the house as before. The possession referred to in our statute must be notorious and exclusive. Formby v. Williams, 203 Ala. 14, 81 So. 682. "The great controlling purpose of the statute is the requisition of written evidence of all contracts for the sale of lands * * * to reduce contracts to a certainty, in order to avoid perjury on the one hand and fraud on the other." Kyle v. Jordan, 196 Ala. 509, 71 So. 417. It "lays down a rule of evidence by which contracts within its influence are to be established." Wood v. Lett, 195 Ala. 601, 71 So. 177.

■ The cases also hold that the possession of the purchaser must be exclusively referable to the contract (Formby v. Williams, supra), "that is to say, it must be such posses-

sion that an outsider, knowing all the circumstances attending it save only the one fact, the alleged oral contract, would naturally and reasonably infer that some contract existed relating to the land, of the same general nature as the contract alleged" (36 Cyc. 660), and in Lay v. Lay, 75 Ark. 526, 87 S. W. 1026, it was held the possession must be referable to the promise and not to some domestic relationship of the vendor and vendee. 36 Cyc. 660, note 77. Where the person having the legal title to land is in possession, it is well established that such possession will be referred to the legal title. Here, the title being in the father, and both father and son being in possession, the law refers the possession to the father. Scruggs v. Decatur Mineral Co., 86 Ala. 173, 5 So. 440; Gafford v. Strauss, 89 Ala. 283, 7 So. 248, 7 L. R. A. 568, 18 Am. St. Rep. 111.

In Linn v. McLean, 85 Ala. 253, 4 So. 778, it was said: "Possession taken as lessee, and continued without visible change, does not tend to prove that such occupant was put in possession of the land as purchaser by the seller, so as to meet that provision of the statute of frauds. No act was done calculated or tending to give notice of a change of holding."

The case of Trammell v. Craddock, 93 Ala. 451, 9 So. 588, is here very much in point, and we take therefrom the following excerpt:

"While a husband might put his wife in possession, and while she might hold possession notoriously and exclusively—as, for instance, of lands upon which they did not reside, and of which she might have the requisite possession by a tenant or agent—the averments of this bill fall far short of showing the notoriety and exclusiveness in the taking and retention of possession which the law requires to afford evidence, along with proof of payment of the purchase money, taking the place of, and performing, in the prevention of frauds and perjuries, the office of a written memorial of the transaction. The allegations involve no putting into possession by the seller, but a mere continuation of a pre-existing possession under a recognition, which may not have been known beyond the circle of conjugal confidences, of a new capacity in which it was held by the wife, and for this reason they were insufficient. They involve also only such possession in the wife as exists with respect to land occupied by husband and wife, and this could not be exclusive of the possession of the husband. They involve a possession by the alleged vendee in common with the alleged vendor, and this can never satisfy the statute."

In 36 Cyc. 660, is the following: "If the possession * * * could be accounted for just as well by some other right or title actually existing in the vendee's favor, or by some relation between him and the vendor other than the alleged oral contract, it is not such a possession as the doctrine requires." See, also, Browne on Statute of Frauds, §§ 473 and 481; 2 C. J. 120.

Considering the existing relationship, nothing would appear more natural than that the son should move into the home of the father, who was alone and in need of aid on account of physical weakness. Clearly, such a possession would give no indication whatever of any changed condition or arouse any suspicion that any contract relation to the property instigated or prompted the move. And, in considering the question at hand, it should be constantly kept in mind the object and purpose of the statute, and the requirement of our decisions, that such possession be notorious and exclusive.

We may be conscious of the fact that, in denying the son relief in the instant case, we run counter to the wish of the father, but we are constrained to the view that the possession here shown does not suffice to meet the statute as construed in our several decisions. There are authorities supporting appellee's contention. Among them is the Nebraska case of Best v. Gralapp, 69 Neb. 811, 96 N. W. 641, 99 N. W. 837, 5 Ann. Cas. 491; but in that state the rule is, as shown by the opinion, that "part performance of such a character that the court cannot restore the promisee to the situation in which he was when the agreement was made or compensate him in damages is sufficient to take the case out of the statute of frauds."

The exceptions to the requirements of a written contract are incorporated in our statute, and consistently adhered to in our decisions. A reference to 36 Cyc. p. 658, discloses that more stringent requirements are provided in this state, and one other than in other jurisdictions.

Counsel for appellee cite also Watson v. Mahan, 20 Ind. 223, but a reference to the statute of frauds of that state discloses it contains no excepted provision as in this state (section 7462, vol. 3, Burns' Ann. Ind. Stat.), and in section 7467, it is provided that nothing contained in any statute of the state shall be construed to abridge the power of courts to compel specific performance of agreements in cases of part performance thereof. In some jurisdictions joint possession suffices in cases of this character, while our decisions require the possession to be both notorious and exclusive. The rule of our cases appears to be recognized as in accord with the better view. 25 R. C. L. 591.

These observations will suffice to show that further discussion of decisions in other jurisdictions is without value here. The reasoning and logic of our cases lead, in our opinion, to the clear conclusion that possession of the son was not of such exclusive character as required to bring his case within the exception of the statute, and that he must therefore fail.

It results, therefore, that the decree was in error in denying the prayer of the original

bill for a sale of the house and lot also, and in granting cross-complainant the relief he sought. In that respect the decree will be reversed, but will be affirmed as to the other realty ordered sold.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.