143 So. 573

## WEST v. McKAY.

### 8 Div. 389.

Supreme Court of Alabama.

Oct. 6, 1932.

Lynne & Lynne, of Decatur, for appellant.

H. A. Harris and Norman W. Harris, both of Decatur, for appellee.

FOSTER, J.

In order that "the purchaser be put in possession of the land by the seller," in compliance with section 8034, subd. 5, Code, the possession of the purchaser "must refer exclusively to the contract sought to be enforced and be such as would not be done but for" it. Formby v. Williams, 203 Ala. 14, 81 So. 682, 683; Jones v. Jones, 219 Ala. 62, 121 So. 78; Hagood v. Spinks, 219 Ala. 503, 122 So. 815.

So that from this general rule it follows that the possession of a tenant in common who has contracted orally to buy from his cotenant is ordinarily not sufficient as an act of part performance of the contract. 58 Corpus Juris, 1010, § 206, note 63.

In this case the purchaser was the husband of a tenant in common with the seller, and at the time of and before the contract of sale he and his wife (the tenant in common) had resided upon the land. He had a contract with the seller to look after it for the joint owners. After the sale there was no change in his possession, and it was not referable solely to his contract of purchase, but as well to his domestic relations with his wife who, as a tenant in common, had the right to its occupancy referable to such ownership. Where the purchaser's possession is referable to domestic or family relationship, as well as to the contract of purchase, it cannot be said to be referable solely to such contract within the requirements of the rule. Jones v. Jones, supra; 58 Corpus Juris, 1007, note 31; Trammell v. Craddock, 93 Ala. 450, 9 So. 587.

We do not here have a case where one already in possession, such as a tenant, merely remained in such possession after his contract of purchase, without other claim of right than under such contract. When a tenant thus remains in possession claiming solely as a purchaser, and his acts and conduct clearly show such intention, this may be a sufficient delivery of possession (usually a question of fact in each case), though he theretofore had been in possession. But it should clearly appear, by his visible acts and conduct, that he was relying solely on his contract of purchase for possession. Danforth v. Laney, 28 Ala. 274; Eason v. Roe, 185 Ala. 71, 64 So. 55; 58 Corpus Juris, 1008, 1009; Franke v. Riggs, 93 Ala. 252, 9 So. 359; McMahan v. Jacoway, 105 Ala. 585, 17 So. 39; Linn v. McLean, 85 Ala. 250, 4 So. 777; Formby v. Williams, supra.

In this case it appears without dispute that defendant's possession and conduct were as well due to his domestic and family relations as to his contract of purchase. The contract is not claimed to be evidenced by a writing of defendant sufficient under the statute of frauds.

The affirmative charge was requested by defendant and refused, but we think it was due him. There was therefore no ruling of the court assigned for error which was prejudicial to appellant. Moody v. Walker, 89 Ala. 619, 7 So. 246; Stephens v. Regenstein, 89 Ala. 561, 8 So. 68, 18 Am. St. Rep. 156.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.