26 So.2d 586

## TALLEY v. TALLEY.

### 6 Div. 370.

Supreme Court of Alabama.

June 13, 1946.

Finis E. St. John, of Cullman, for appellant.

Kilpatrick & Entrekin, of Cullman, for appellee.

SIMPSON, Justice.

The case is here on appeal from a decree overruling the demurrer to a bill in equity seeking to enforce an implied trust in lands or in the alternative to have complainant decreed an interest in the property by reason of a joint undertaking of purchase.

The substance and effect of the allegations are: The plaintiff and defendant, sister and brother respectively, had for many years maintained a joint household and in 1935 purchased 122 acres of farm land from one Graves as their joint property under a verbal agreement with each other that it would be their joint homestead and that the fruits of their joint labors in cultivating the farm would be utilized in maintaining themselves in this status and to repay the purchase price. The brother evidently paid Graves in cash for the property when the purchase was made and took title in himself, though he is charged with no fraud by this method of conveyancing. On making this purchase, pursuant to their agreement the land was so occupied and their joint labors so utilized, plaintiff herself keeping the household and working as a field hand until recent declining health prevented; as a result of their joint enterprise the full purchase price has been repaid (presumably to defendant). The plaintiff, trustful of her brother, did not concern herself with the character of the title acquired from Graves but relied on his judgment and integrity to see that the transaction was carried out according to the agreement. Another tract of land forming a part of this joint homestead was later purchased by the brother and paid for and occupied under the same conditions, but the brother now has repudiated the entire agreement, forced plaintiff to leave the joint homestead and refuses to make any settlement or adjustment of the joint undertaking. In addition to the special prayer there is one for general relief.

It is quite manifest that the facts alleged present no case for the implication or construction of a trust in favor of plaintiff. The agreement rested in parol and under the statute, not coming within one of the exceptions, is void. Code 1940, Title 47, § 149.

A resulting trust was not created because an indispensable requisite is that the purchase money be furnished at or before the purchase. It must result at the time title passes, the basic principle being the investment of one's funds, not intend-

ed as a gift, in the purchase of the property and taking title in the other. Watkins v. Carter, 164 Ala. 456, 51 So. 318; Long, Adm'r, v. King, 117 Ala. 423, 23 So. 534; Guin v. Guin et al., 196 Ala. 221, 72 So. 74; McKleroy v. Musgrove, 203 Ala. 603, 84 So. 280; Miles v. Rhodes, 222 Ala. 208, 131 So. 633; Butts v. Cooper, 152 Ala. 375, 44 So. 616.

"If no money was so invested at the time of the purchase, when title taken, a subsequent contribution as part payment does not create a resulting trust." Miles v. Rhodes, supra, 222 Ala. at page 209, 131 So. at page 634.

No pretext is made by the allegations that plaintiff furnished any of the original purchase money which went to Graves or undertook any absolute obligation to pay same as a part of the original transaction of purchase, at or prior to the conveyance to defendant. 3 Pom.Eq.Jur., 3d Ed., p. 1892, § 1030; Watkins v. Carter, supra. No resulting trust, therefore, was produced.

■■ It is equally clear that the transaction cannot be impressed into a constructive trust. "A constructive trust arises when one person, occupying a fiduciary position, or having placed himself in such position in relation to another that good faith requires him to act for the other and not himself, acquires the title to the property in himself, in place of in the cestui que trust. These cases involve fraud, or a breach of trust in acquiring the title to the property in himself. 3 Pom.Eq.Jur., 3d Ed., p. 2007 et seq., § 1044; Sanford v. Hamner, 115 Ala. 406, 414, 415, 22 So. 117; Waller, Adm'r, v. Jones et al., 107 Ala. 331, 341, 18 So. 277; Kent et al. v. Dean, 128 Ala. 600, 609, 610, 30 So. 543." Butts v. Cooper, supra, 152 Ala. at page 385, 44 So. at page 619.

The transaction of taking title in himself must be "conceived in fraud." Brindley v. Brindley, 197 Ala. 221, 72 So. 497, 498.

Patton v. Beecher, 62 Ala. 579, 592, is one of our earlier cases on the question and makes it clear that the fraud, imposition or mistake, prerequisite to the enforcement of a constructive trust, must be implicit in the original transaction, not later. It was there declared: "It is fraud then, and not subsequent fraud, if any exist, which justifies a court of equity in intervening for the relief of the party injured by it—as it is the payment of the purchase money at the time the title is acquired, which creates a resulting trust, and not a subsequent payment, whatever may be the circumstances attending it."

■ Violation of a parol trust agreement or its subsequent repudiation is not of itself that character of fraud which will suffice to sustain the trust. Patton v. Beecher, supra; Bartlett v. Bartlett, 221 Ala. 578, 130 So. 194.

The bill makes no showing of such antecedent, original fraud as would bring the transaction within the ambit of the announced doctrine, so a constructive trust cannot be established.

It remains then to consider whether or not the allegations are sufficient to enforce an interest in the property on the theory of a joint undertaking between the parties to purchase it.

■ Under the rule of our cases a parol, executory agreement for the purchase of an interest in land is invalid under the statute of frauds and this applies to partnerships and joint adventures. Butts v. Cooper, supra; Allen, Adm'r, et al. v. Caylor, 120 Ala. 251, 24 So. 512, 74 Am.St. Rep. 31; Rowland v. Boozer, 10 Ala. 690, 694; Larkins v. Rhodes, 5 Port. 195, 200, 201; 27 C.J. § 207, p. 222; 37 C.J.S., Frauds, Statute of, § 119.

Unless the facts bring the case within one of the statutory exceptions, if the parol agreement between the two parties for the purchase of real estate from a third person "involves a purchase by, or in the name of, one party and a subsequent transfer, conveyance, or vesting of an interest in the property to or in the other party, the statute of frauds applies." 37 C.J.S., Frauds, Statute of, § 119, subsec. b, p. 614.

■ If, however, the contract has been fully performed, by the seller putting the purchaser in possession under the contract and the purchaser paying the seller a part or all of the purchase price, the contract is valid and is saved by the exception.

Code 1940, Title 20, § 3, subdivision (5); Stearnes v. Woodall, 218 Ala. 128, 117 So. 643.

True, the purport of the bill, with the deed exhibited thereto, is that Graves was the seller and defendant was the purchaser but as regards the plaintiff, the defendant, who bought the property in his name under the agreement aforesaid, was her substituted vendor, and when she went into possession under the contract and paid her part of the purchase price according to its tenor, she acquired a vested, valid interest in the land and equity will intervene to protect that interest. Stearnes v. Woodall, supra.

Though payment and possession must concur to save the purchase from the grasp of the statute, the two acts need not be contemporaneous. If the purchaser is put in possession and thereafter pays the purchase money or a part of it, or if he pays the purchase money and is thereafter put in possession under the contract, the transaction is drawn under the exception and is enforceable. City Loan, etc., Co. v. Poole, 149 Ala. 164, 43 So. 13; Adams v. Adams, 235 Ala. 27, 176 So. 825; Nelson v. Shelby Mfg. & Imp. Co., 96 Ala. 515, 11 So. 695, 28 Am.St.Rep. 116.

Ordinarily possession of a tenant in common orally contracting to buy an interest in the land from the cotenant is insufficient as part performance of the contract to satisfy the possession aspect of the exception. West v. McKay, 225 Ala. 397, 143 So. 573.

If, however, as here, the possession of the cotenant is referable exclusively to the purposes of the contract sought to be enforced and be such as would not be done but for it, the possession is sufficient part performance to satisfy that phase of the exception. West v. McKay, supra; Formby v. Williams, 203 Ala. 14, 81 So. 682; Jones v. Jones, 219 Ala. 62, 121 So. 78; Hagood v. Spinks, 219 Ala. 503, 122 So. 815.

The allegations of the bill, we think, bring the verbal contract within the influence of the last stated principles so as to exclude it from the inhibition of the statute and the demurrers were properly overruled.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.