39 So.2d 14

### JONES v. McCOWN et al.
### 8 Div. 461.

Supreme Court of Alabama.
Feb. 17, 1949.

582

Douglass Taylor, Douglas Martinson and Taylor, Bell & Taylor, all of Huntsville, for appellant.

Lanier, Price, Shaver & Lanier and Chas. E. Shaver, all of Huntsville, for appellees.

BROWN, Justice.

The bill in this case was filed by the appellant on the 31st of October, 1947, against the appellee to compel specific performance of an alleged contract for the sale of a house and lot in Huntsville, Alabama. The contract is in the following language:

"Huntsville, Alabama
*September 2, 1947*

*W. G. McCown* hereby agrees to sell and *Casper W. Jones* * * * hereby agrees to purchase the following described Real Estate, in fee simple, on terms stated: *One (1) two story house, located at 212 North Green Street, Huntsville, Alabama. Desk at front and all cabinets that are nailed or screwed to the building, venetian blinds, hot water heater and light fixtures to stay as is.*

The purchase price is to be $14,000.00 payable $4,000.00 as earnest money and as a part of the purchase price, receipt of which is hereby acknowledged, and the remainder payable as follows:

Abstract ..... *Furnished by W. G. McCown*
Taxes ...... *Paid by W. G. McCown*
Rent ........ *Home*
Insurance .... *Paid by purchaser*
Possession .. *September 15, 1947.*

The trade is to be closed as above stated, and conveyance is to be made by warranty deed. The purchaser agrees to promptly file deed for record.

Remarks: *In event the purchaser hereof is unable to obtain a loan in a sufficient amount to purchase the aforementioned property under a GI Loan, an FHA loan or an ordinary bank loan the earnest money paid herein is to be refunded to the purchaser. Said earnest money is to be retained by Dickey-Huffman Real Estate*

*Brokers until the transaction is consummated.*

(signed) Dickey & Huffman Brokers
" By W. E. Dickey
(signed) W. G. McCown
" Casper W. Jones."

The contract was negotiated by a real estate broker W. E. Dickey and the evidence is without dispute that on September 2, 1947, at the request of Dickey, the broker, the defendant signed the contract in blank before there was any writing on it and that all the typewritten matter, which is italicized above, was inserted in the contract after the defendant affixed his signature thereto. There is an absence of testimony going to show that Dickey was the agent of the appellee to sell the property, but to the contrary the evidence shows that on August 25, 1947, appellant contacted the broker to buy a place for them and the broker contacted the appellee McCown on August 27, 1947, to ascertain whether or not he would sell.

It was a disputed issue of fact as to whether the appellant was required to put up a cash deposit on the property of $4,000. The testimony of the appellee is to the effect that he only required a forfeit of from $500 to $1,000, and Dickey's testimony goes to show that "a sizable amount" was to be put up as earnest money. At no time was there any agreement that a deposit of $4,000 was to be made. The evidence is in sharp conflict as to whether or not the earnest money deposited would be returned to the purchaser if he was unable to procure a loan or that said earnest money was to be retained by the broker until the transaction was consummated. This latter provision was inserted in the contract by the broker without the approval of the appellee and there was evidence going to show that after the contract was filled in the appellee refused to approve it and so advised the broker.

The testimony was taken ore tenus and on submission on pleadings and proof the circuit court denied relief and dismissed the bill.

From the face of the alleged contract, it is apparent that the parties contemplated that the time and manner of payment of the balance of the purchase money was to be stated in the contract and there is an absence of any such statement.

On the authority of Alba v. Strong, 94 Ala. 163, 10 So. 242, and Ezzell v. S. G. Holland Stave Co., 210 Ala. 694, 99 So. 78 (which are in line with the weight of authority), "The requirement of certainty as to contracts in order that they may be specifically enforced extends not only to the subject matter and purpose of the contract, but to the parties, consideration, and even of the place and time of performance, terms of payment, and duration of the contract, where these are essential. * * *", and must be stated with certainty. 49 Amer.Juris. p. 39, § 26.

The facts of this case clearly illustrate the soundness of this rule of evidence. In the absence of a sufficient writing to meet the requirement of the statute of frauds, specific performance of an executory contract will not be compelled.

The rulings of the court on the question of evidence, if error, were without injury.

The decree of the circuit court is consistent with these views and is due to be affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.