61 So.2d 758

**SPRUIELL v. STANFORD et al.**

**6 Div. 373.**

Supreme Court of Alabama.

Dec. 4, 1952.

214

Drennen & Drennen, Birmingham, for appellant.

Young & Young, Vernon, and Rushton, Stakely & Johnston, Montgomery, for appellees.

SIMPSON, Justice.

Bill in equity by a tenant in common to sell lands for division, with answer and cross bill by defendants for specific performance and to declare the interests in the land.

Motion to dismiss the appeal because of the belated filing of the transcript and submission of the case will be first considered. The decree was rendered December 30, 1950. The appeal was taken February 28, 1951, and the transcript was certified by the register May 22, 1951, but was not filed here until December 20, 1951. The cause was argued and submitted April 29, 1952. It appears, therefore, that from the time of taking the appeal, two calls of the Division had elapsed before the submission. Hence, the motion to dismiss.

▆ Supreme Court Rule 48 has no application, as supposed by counsel. That rule applies to civil actions, not equity. The analogous rule in chancery is Equity Rule 56.

▆ The pertinent provisions of the statute are §§ 769, 770, Title 7, Code 1940, and Supreme Court Rule 41. With respect to these provisions, this court observed in State v. Barton, 257 Ala. 230, 58 So.2d 450, 451:

"The construction this court has lately accorded these several provisions, as here pertinent, is, if appellant fails to comply by seasonably filing the transcript and makes no sufficient showing as justification or excuse for such failure, the appellee, if diligent, is entitled to have the appeal dismissed on motion. And this even though dismissal is addressed to the sound discretion of the court, since some showing of extenuation for failure to comply must be made by the appellant in order to invoke the exercise of the court's discretion. Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893; Britton v. Bullen, 213 Ala. 659, 106 So. 138. See also Blair v. Thompson, 255 Ala. 613, 52 So.2d 692."

The motion to dismiss cannot prevail for two sufficient reasons. First, the failure to timely file the transcript and submit the cause is satisfactorily explained by the fact that appellant's original counsel died, and the next employed counsel became seriously ill, and as soon as she became acquainted with the status of her cause, she employed her present counsel, who acted promptly in obtaining submission of the case. Second, appellees failed to avail of the privilege to file motion to dismiss at either of the calls of the Division, and made no motion until after the transcript had been filed and not until on submission of the cause. No prejudice is shown to have attended them by this late submission so as to justify granting their motion. Campbell v. Sowell, 230 Ala. 109, 159 So. 813; Luther v. Luther, 211 Ala. 352, 100 So. 497.

We, therefore, invoke our discretion and overrule the motion and will proceed to a consideration of the cause on its merits.

Appellant, Lona Spruiell, filed her bill alleging that she and her sister, Corda Stanford, one of the appellees, were the joint owners, or tenants in common, of three separately described tracts of land in Lamar County, which for convenience will be designated (1) the home place, containing eighty-seven and one-half acres; (2) the Kentucky Land Company forty acres; and (3) the Sorrell tract, containing about sixty acres. There was the customary allegation that the lands could not be equitably divided in kind and a prayer for a sale for division. Corda Stanford's husband, Cager Stanford, the other appellee, was made a party defendant to the bill on the allegations that there existed a joint adventure between the parties whereby they agreed to operate the home place, pay the then existing debts outstanding against it, and each of the parties to receive a one-third portion of the net income produced therefrom. It was further alleged that with an accumulation of partnership funds, appellant and appellees purchased the Kentucky Land Company forty acres and the Sorrell tract, but that the deeds of conveyance of these acquisitions were taken in the name of defendant, Cager Stanford. On the basis of these allegations, the bill prayed for a reformation of the land deeds to the two latter tracts of land so as to vest in each of the parties a one-third undivided interest therein, and for a sale for division of all the tracts, and for an accounting between appellant and appellees of the joint adventureship.

Defense of this bill was by way of answer and cross bill. With respect to

the home place, the answer and cross bill affirmed the existence of an agreement of joint adventure between the parties, but alleged that the agreement was that after the existing debts were paid and the indebtedness of the deceased brother, A. R. Spruiell, who owned the other one-third interest in the home place, shall have been paid, each of the parties was to share one-third each in the title to the property. The cross bill alleged, in substance, that in December, 1932, Cager married Corda, at which time the complainant, Lona, and her sister, Corda, importuned him, Cager, to make his domicile on the home place, explaining to him the situation in regard to the indebtednesses against the property and owing by their deceased brother, A. R., and that they agreed with him that if he would make his domicile on the premises and manage and cultivate the land and pay the said existing debts, that "the interest of said A. R. Spruiell would be procured from the legal heirs of said A. R. Spruiell other than complainant, Lona Spruiell, and defendant, Corda Stanford, and that the title to said land would be vested in the three of them in equal shares, and that they would all live together, operate the farm as a joint venture and share the income therefrom in equal shares; that the defendant, Cager Stanford, thereupon agreed to enter into such an agreement and did make his domicile on said premises and assumed the management and control thereof, cultivating the land, marketing the crops and generally supervising same", etc. The cross bill then alleged that by his management and individual effort, he succeeded in paying off the mortgage on the land and the debts left owing by the deceased brother, A. R.; that he improved the premises, erected new buildings, repaired old ones, and built fences and cleared and put into cultivation new ground; and in contravention of the said agreement of December, 1932, the complainant, Lona, without notice to him, did, on to wit, April 6, 1950, procure from the heirs at law of the said A. R. Spruiell the said deceased brother's one-third undivided interest in the home place, whereas the deed should have been made to Cager; wherefore, the cross bill prayed that the deed should be reformed so that the one-third interest thus acquired by Lona be decreed in him, the said Cager Stanford.

With respect to the Kentucky Land Company forty acres and the Sorrell sixty acres, the cross bill denied the allegations of the original bill and claimed that Cager had bought the two tracts himself with his own funds and was rightfully the owner of the full title to each of the tracts.

The decree, *inter alia*, granted the relief prayed for in the cross bill as regards the home place and vested a one-third undivided interest in each of the parties, sustained the answer to the original bill with respect to the Kentucky Land Company forty acres, affirming the full title in Cager Stanford, and granted the relief prayed for in the original bill with respect to the Sorrell sixty acres and decreed that each of the parties was entitled to an undivided one-third interest therein. The assignments of error are directed to the features of the decree relating to these tracts of land.

The hearing was in open court, the testimony of the witnesses being given ore tenus before the trial judge. We repeat for emphasis the applicable rule that his conclusions on the disputed issues of fact had the force and effect of a jury's verdict, and unless palpably wrong or against the great preponderance of the evidence must be sustained. McCleod v. Willard, Ala. Sup., 60 So.2d 692(1);[1] Stanley v. Beck, 242 Ala. 574, 7 So.2d 276; Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809.

As stated, we emphasize the foregoing rule. We cannot close our eyes to the situs of the property and the fact that the jurisdiction of the court encompassed a more or less rural area where the trial judge, in addition to having the benefit of hearing and seeing the witnesses testify, must have been acquainted with the witnesses, the parties, and the entire situation. Certainly, he was at a much better advantage to make up a correct decision on these disputed questions of fact than are we from reading the cold record, and we

[1]. 257 Ala. 672.

would be most reluctant to disturb his findings if they seem to be satisfactorily sustained by the evidence.

On a painstaking study of the record, we entertain the view that appellant has failed to establish that the decree was against the great preponderance of the evidence or manifestly wrong. Accordingly, it must be affirmed.

### The Home Place

We have said the trial court granted the relief prayed for in the cross bill with respect to this piece of property, on the basis of the alleged agreement of joint adventure and decreed that appellee Cager Stanford, was entitled to a one-third undivided interest in the home place. This ruling is assigned as error. By the rule of favorable presumption attending the findings below under circumstances adverted to above, we are left unconvinced that this ruling should be overturned.

The most cogent argument challenging this feature of the decree is that the alleged agreement, on the basis of which Stanford was decreed a one-third undivided interest in the property, was oral and was within the bar of the statute of frauds, Subdiv. 5, § 3, Title 20, Code 1940, making void every unwritten contract for the sale of land, etc., unless the purchase money, or a portion thereof, be paid and the purchaser put into possession of the land by the seller. The contention is that Stanford was not shown to have ever been put in possession within the meaning of that term of the statute. The argument is rested on the recognized principle that in order for the purchaser to be put into possession of land by the seller to satisfy that subdivision of the statute of frauds, the possession of the purchaser must refer exclusively to the contract sought to be enforced and be such as would not be done but for it; that possession of a tenant in common who has contracted orally to buy from his cotenant is ordinarily not sufficient as an act of part performance of the contract to satisfy the statute; and if the possession may be referable to some domestic or family relationship of vendor and vendee, the possession is not considered as referable solely to the contract, citing such well-known authorities

as West v. McKay, 225 Ala. 397, 143 So. 573; Formby v. Williams, 203 Ala. 14, 81 So. 682; Jones v. Jones, 219 Ala. 62, 121 So. 78; Hagood v. Spinks, 219 Ala. 503, 122 So. 815; Stacey v. Stacey, 250 Ala. 187, 33 So.2d 898; Talley v. Talley, 248 Ala. 84, 26 So.2d 586; Vickers v. Pegues, 247 Ala. 624, 25 So.2d 720.

But the status of the pleading does not admit of giving effect to the stated subdivision of the statute of frauds. The cross bill did not specifically state that the agreement was oral, but counsel for the parties here concede such was its effect, and we think it should be so interpreted. Whether the cross bill contained allegations sufficient to show that the statute of frauds was not complied with was not raised by demurrer, nor was there any allegation in the answer to the cross bill or any plea thereto invoking the defense of the statute. Under such circumstances, any claim that the contract was barred by the statute was waived.

Pertinent to that situation, it was observed in Shakespeare v. Alba, 76 Ala. 351, 355:

"* * * The benefit of this statute is not available, without its being specially pleaded; and if waived, and the contract is admitted, or satisfactorily proved, it will be enforced * * *. If the defense of the statute is not insisted on, either by demurrer or answer, it must be considered as waived, upon the familiar maxim, 'Quidlibet renunciare potest juri pro se introducto.' Broom's Maxims, 546. 'A man may, on principle,' it has been said, 'as well renounce the benefit of the Statute of Frauds as a defense, as the statute of limitations, or a discharge in bankruptcy.' Willard's Eq. Jur. 283. And such is the theory of our law, and the practice under our decisions. Bailey v. Irwin, 72 Ala. 505; Patterson v. Ware, 10 Ala. 444."

This rule has been consistently followed. The only qualification in later decisions to the principle as stated in Shakespeare v. Alba, supra, is that, rather than being voidable unless the statute is complied with,

such contracts are void. Prestwood v. Carlton, 162 Ala. 327(15), 346, 50 So. 254.

■ But whether the contract were void or voidable is not here material, since, as stated, in order to avail of the statute there should be some pleading to bring it in view. The last cited Prestwood v. Carlton case approved the principle of Shakespeare v. Alba, to the extent of holding that the benefit of the statute is not available without being specially pleaded, though the contract is void, and if not so pleaded, it is waived and the contract, if proved, will be enforced. A corollary of the rule is, of course, that the pleader may raise · the question by demurrer when the bill shows on its face the invalidity of the contract by reason of the provisions of said Subdiv. 5. The principle has been consistently sanctioned by our later cases, some of which are: Dodson v. Protective Life Ins. Co., 236 Ala. 111, 181 So. 492; Ex parte Banks, 185 Ala. 275, 64 So. 74; Johnson v. Maness, 232 Ala. 411, 168 So. 452; Sloss v. Glaze, 231 Ala. 234, 164 So. 51; Johnson v. Delony, 241 Ala. 16, 1 So.2d 11.

The matter, therefore, of whether the statute of frauds affects the right of the cross complainant to relief under the alleged agreement is not involved. His right is dependent upon whether the contract as alleged in the cross bill was satisfactorily proved. The court did grant the relief, and we assume that it was upon a finding as alleged in the cross bill that Lona Spruiell agreed to procure from the legal heirs of A. R. Spruiell (other than Lona herself and her sister, Corda, wife of cross complainant) his interest in the land at his death and for a consideration of Cager performing such expressed acts the three parties, Lona, Corda, and Cager, would share one-third each in the title to the land. The trial court evidently treated this as an agreement on the part of complainant, Lona, to acquire the one-third interest, which had been owned by her deceased brother, and to convey it, or cause it to be conveyed, to Cager Stanford, cross complainant. The evidence established the fact that Lona, the complainant, did procure that one-third interest, but had the title made to herself, individually. She, hence, put herself in condition where she could convey the interest to cross complainant as the cross bill alleged she agreed to do. The trial court found from the evidence that the contract was made as alleged in the cross bill and that cross complainant performed the obligations which he undertook as the consideration for the contract. We assume that the trial judge was familiar with the rules which we have stated hereinabove, and applied them. He had the witnesses before him, and we do not feel justified in reversing his finding as made.

■ We are mindful, as we have assumed the trial court was, of the rules applicable to specific performance, and that the evidence must produce a clear conviction of the existence and terms of the contract as alleged, Harrison v. Harrison, 198 Ala. 159, 73 So. 454, by clear and satisfactory proof, Burt v. Moses, 211 Ala. 47, 99 So. 106. That is, a case of specific performance must be established by clear, definite and unequivocal evidence, and must not leave the contract or any of its terms in doubt. Wilder v. Reed, 216 Ala. 29, 112 So. 312; Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Box v. Box, 243 Ala. 437, 10 So.2d 478. But we think the tendency of the evidence proffered by appellees established the contract as alleged in the cross bill consistent with these rules.

So considered, the feature of the decree relative to the home place property must be affirmed.

The Kentucky Land Company Forty Acres.

■ Title to this tract is in Cager Stanford. Appellant's bill in effect seeks to have the deed reformed so as to vest the title in the parties, a one-third undivided interest each, as in the nature of a resulting trust, on the theory that the money which paid for the land was partnership money accruing from the operation of the home place; that it was agreed between the parties that the title should be so taken, and that the court should so decree.

The trial court denied relief, and we are likewise in accord with this holding. The burden rested on complainant to establish this by clear and convincing evidence, which clearly she has not done. The court was justified in finding that Stanford purchased this land for himself with the knowledge of appellant, and paid for it

219

from the fruits of his own labor and his own funds. Indeed, there was testimony given by complainant which would seem to corroborate this. In response to the inquiry as to what was said with reference "to him [Stanford] purchasing the forty acres from Kentucky Land Company," appellant testified, "He said he wanted to buy it and I said we would help him buy it and give him the deed to it as we already had eighty acres, and he had no part in that, and he could have the deed with the understanding we'd all have the benefit of wood and timber on it." Our view is, appellant has failed to establish any right to or interest in the Kentucky Land Company forty acres.

### The Sorrell Sixty Acres

Title to this land was also taken in the name of Cager Stanford, but the trial court found that partnership funds had been used in the purchase of the same under an agreement that each of the parties should own an undivided one-third interest therein, and decreed accordingly. This, of course, was favorable to appellant and she makes no complaint with respect to that ruling. The appellees have not cross assigned errors, so that feature of the decree is likewise due to be affirmed.

We find no error justifying a reversal of the decree.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.