100 So.2d 32

**James GIBSON et al.**

v.

**Houston BRYANT, Adm'r, and Mamie
Bryant Ray.**

**6 Div. 157.**

Supreme Court of Alabama.

Jan. 23, 1958.

Parsons, Wheeler & Rose, Birmingham, for appellants.

Lewis K. Cato and Paschal P. Vacca, Birmingham, for appellee Ray.

SIMPSON, Justice.

This is an appeal by the complainant-purchaser from a decree of the Chancery Court of Jefferson County denying specific performance of an oral contract for the sale of realty.

Briefly, the facts are substantially as follows: James Gibson and wife Willie claim that Alice Bryant mother of Willie Gibson, sold them an acre of land in Jefferson County. After the agreement to sell, James and Willie paid a part of the purchase money in cash and for the remainder paid an attorney's fee for Alice and delivered some slabs to her. Alice died during the pendency of this action and the same was revived against Houston Bryant, the administrator of Alice's estate. After the sale, James moved a tenant off the property and moved in himself. The complainants have been in possession of the property for several years. During his occupancy, James has rebuilt at considerable expense the store building located thereon, the old building having burned. He has also had landscaping work done on the property, including filling of low areas and building a rock wall or foundation and has had a water main run about three-fourths of a mile to bring water to the property. These improvements were of considerable value.

Alice Bryant testified she did not sell the property but allowed James and Willie to go in possession of it. However, she did testify that James had paid her some money, which was not rent and had paid her an amount for taxes each year. Several witnesses testified that there had been an oral contract of sale between the parties; several testified that there had not been such a sale. However, there was little conflict as to the complainant's paying money to Alice Bryant, paying attorney's fees for her on another transaction, and the complainant's making valuable improvements upon the property.

The evidence was not heard orally by the court, but was taken by deposition. We therefore must review it without any presumption in favor of the conclusion below. Equity Rule 56, Code 1940, Title 7, Appendix; Title 13, § 17, Code 1940; Robinette v. Tidwell, 261 Ala. 538, 75 So. 2d 138.

We will refer to certain general principles governing the case.

When the purchase money, or a portion thereof, is paid, and the purchaser put in possession of the land, no writing evidencing the contract of sale is necessary. Eddleman v. Cade, 261 Ala. 154, 73 So.2d 362; Salter v. Carter, 257 Ala. 216, 58 So.2d 454; Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Adams v. Adams, 235 Ala. 27, 176 So. 825.

And, in order to avert the operation of the statute of frauds, the acts of possession must be clear and definite and referable exclusively to the contract. Hagood v. Spinks, 219 Ala. 503, 122 So. 815; Jones v. Jones, 219 Ala. 62, 121 So. 78; West v. McKay, 225 Ala. 397, 143 So. 573; Talley v. Talley, 248 Ala. 84, 26 So.2d 586; Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758. See also 101 A.L.R. 955, 1011.

But, the fact that all the purchase price was not paid in cash to the vendor is immaterial. The purchase price may be anything of money value and payment of part of the purchase price need not have been contemporaneous. Formby v. Williams, 203 Ala. 14, 81 So. 682; Smith v. East Alabama National Bank, 221 Ala. 322, 128 So. 600; Talley v. Talley, supra.

The general rules applicable to part performance of oral contracts for the sale of realty were set out in Formby v. Williams, 203 Ala. 14, 15, 16, 81 So. 682, 683, as follows:

"(3) The acts of part performance must refer exclusively to the contract sought to be enforced and be such as would not be done but for the latter. * * * That is to say, acts of part performance cannot be explained consistently with any other contract than the one alleged. * * * Neither possession without payment of the whole or a part of the purchase money, nor payment without letting into possession, will meet the requirements of the statute. * * * Both must concur, but need not be contemporaneous. * * * The agreed consideration may be the construction of specified improvements, or performance of other work and labor for the vendor or lessor in lieu of the payment of money, if that execution or performance is after possession is taken, and is pursuant to the contract. * * *

"(4) The acts of part performance must follow, not precede, the contract or completed agreement. * * *

"(5) And not be done 'prematurely or too late.' * * *

"(6) As a corollary to the foregoing requirements to authorize specific performance, the acts of part performance should be such as to give a mutual right to perform, and its specific execution must effectuate the real intention of the parties and be free from any hardship or oppression."

On a careful study of the evidence we entertain the view that the complainants have established their claim of purchase by the preponderance of the evidence. The strongest tendency of the evidence established that there was an oral contract to purchase the property and that the complainants did so purchase, as outlined above, and made valuable improvements thereon. The complainants possession was clearly referable to that contract of purchase, for it is unlikely that a mere tenant would make such extensive and valuable improvements on the landlord's property without having any title to it.

It results as our conclusion that, on the evidence, the complainants were entitled to have a decree of specific performance. The decree will be reversed and the cause re-

manded with directions that the trial court enter such a decree.

Reversed and remanded with directions.

LAWSON, GOODWYN, and MERRILL, JJ., concur.