114 So.2d 838

Joseph D. QUINLIVAN

v.

James R. QUINLIVAN.

1 Div. 815.

Supreme Court of Alabama.

Oct. 8, 1959.

Vincent F. Kilborn and Benjamin H. Kilborn, Mobile, for appellee.

Cunningham & Wilkins, Mobile, for appellant.

**644**

MERRILL, Justice.

Appeal from a decree sustaining demurrer to complainant's amended bill of complaint.

Appellant filed a bill for specific performance of a partly written and partly oral contract entered into by him with appellee. Demurrer to the bill was sustained, the bill was amended, the demurrer was refiled and again sustained.

One argued assignment of error is that the court erred in allowing respondent to orally amend his answer. Had the court so done, it would have been error because equity rules contemplate written pleadings. Lindsey v. Reeves, 251 Ala. 400, 37 So.2d 501[8]. But there was no oral amendment. Appellee moved for permission to make all the original grounds of demurrer, which were written, as part of his answer, and that these be refiled to the bill as last amended. This motion was granted, and after argument, the demurrer was sustained. This procedure has been approved, Gaines v. Harmon, 246 Ala. 307, 20 So.2d 503.

The other argued assignment of error is that the court erred in sustaining the demurrer to the amended complaint.

The bill as amended shows that complainant, Joseph D. Quinlivan, had for many years operated, and is now operating, an ice plant under the firm name of Crystal Ice Company, and respondent has for many years operated, and is now operating, an electrical appliance service under the firm name of Quinlivan Specialty Company; that each of these firms are co-partnerships composed of the complainant, the respondent and Clara Quinlivan Mullen; that on December 12, 1952, complainant agreed to convey to respondent all his right, title or interest in Quinlivan Specialty Company, and in consideration therefor, respondent agreed to convey to complainant all of his right, title or interest in Crystal Ice Company, and respondent further agreed to pay to complainant a sum of money equal to the amount by which complainant's interest in Quinlivan Specialty Company exceeded respondent's interest in Crystal Ice Company; that under the agreement, complainant is entitled to have conveyed to him thirteen specifically described parcels of real estate; that complainant "has fully paid for said property and further that he has been put in possession of same by respondent and has further remained in possession since the execution of said agreement on December 12, 1952;" that the value of complainant's interest in Quinlivan Specialty Company exceeds respondent's interest in Crystal Ice Company in the amount of $11,000; that the books and records were caused to reflect the withdrawal of each of the partners from the respective firms as of May 31, 1952; that on numerous occasions, complainant has offered to execute the necessary papers to effectuate the transfer to respondent of complainant's interest in Quinlivan Specialty Company, and on numerous occasions, he has requested respondent to execute the necessary legal documents to effectuate the transfer of respondent's interest in Crystal Ice Company and to pay him the $11,000 difference, but that respondent failed and refused to do so.

The effect of the prayer is that respondent be required to convey the property and pay the $11,000.

It appears to be conceded that the demurrer to the bill as amended was sustained on grounds raising the points, first, that the contract sought to be specifically performed falls within the influence of the Statute of Frauds; and, second, that the bill is insufficient for want of proper parties in that Clara Quinlivan Mullen, a third partner in each business, is not made a party to the action.

■ Equity will not specifically enforce an agreement within the Statute of Frauds, Jones v. McCown, 251 Ala. 581, 39 So.2d 14; Downs v. Downs, 257 Ala. 643, 60 So.2d 686; Tit. 20, § 3(5), Code 1940.

■ Where the bill shows on its face the invalidity of the contract by reason of the Statute of Frauds, the pleader may raise the question by demurrer. Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758, and cases there cited.

The bill here shows on its face that the agreement was partly oral, and all of the agreement to convey and pay any difference was oral, but appellant insists that the allegation of payment and that the complainant was in possession, places the contract without the operation of the Statute of Frauds, Tit. 20, § 3(5).

■ Our decisions are to the effect that the possession mentioned in Tit. 20, § 3(5), must be of a notorious and exclusive character to bring the case within the exception of the statute, Knight v. Smith, 250 Ala. 113, 33 So.2d 242; Jones v. Jones, 219 Ala. 62, 121 So. 78.

The possession of the purchaser must refer exclusively to the contract sought to be enforced and be such as would not be done but for it, and "possession of a tenant in common who has contracted orally to buy from his cotenant is ordinarily not sufficient as an act of part performance of the contract to satisfy the statute." Spruiell v. Stanford, 258 Ala. 212, 61 So. 2d 758, 762.

■ Some of the general rules applicable to part performance of oral contracts for the sale of realty are set out in Gibson v. Bryant, 267 Ala. 97, 100 So.2d 32, and Formby v. Williams, 203 Ala. 14, 81 So. 682, as follows:

" '(3) The acts of part performance must refer exclusively to the contract sought to be enforced and be such as would not be done but for the latter. * * * That is to say, acts of part performance cannot be explained consistently with any other contract than the one · alleged. * * * Neither possession without payment of the whole or a part of the purchase money, nor payment without letting into possession, will meet the requirements of the statute. * * * Both must concur, but need not be contemporaneous. * * * The agreed consideration may be the construction of specified improvements, or performance of other work and labor for the vendor or lessor in lieu of the payment of money, if that execution or performance is after possession is taken, and is pursuant to the contract. * * *

" '(4) The acts of part performance must follow, not precede, the contract or completed agreement. * * *

" '(5) And not be done "prematurely or too late." * * *.' " [267 Ala. 97, 100 So.2d 34.]

■ Construing the allegations of the amended bill most strongly against the pleader, he admits that he has operated Crystal Ice Company for many years, and that it was a partnership in which appellee was one of the partners. Under those facts without further explanation, complainant's possession was that of a partner and cotenant. Since the possession could be accounted for just as well by the relationship of partner or cotenant, or by some relation between him and appellee other than the alleged oral contract, it is not such a possession as is required to re-

move the bar of the Statute of Frauds. Knight v. Smith, 250 Ala. 113, 33 So.2d 242; Jones v. Jones, 219 Ala. 62, 121 So. 78.

The bill was also insufficient for failure to make Clara Quinlivan Mullen a party. Paragraph 3 of the bill avers that "until, to-wit, December 12th, 1952, the said Crystal Ice Company and Quinlivan Specialty Company were co-partnerships composed of your Complainant and your Respondent and Clara Quinlivan Mullen." Paragraph 4(a) of the bill avers that "Under the aforesaid agreement by the complainant and respondent, complainant is entitled to have conveyed to him by proper deed of conveyance the following described real property of said Crystal Ice Company: * * *." It should be noted that complainant alleges that he is entitled to have the entire property conveyed to him, not just appellee's interest in the property. Tit. 43, § 29, Code 1940, provides:

"The interest of each member of a partnership extends to every portion of its property."

Title 43, § 32, Code 1940, provides:

"Property, whether real or personal, acquired with partnership funds, is presumed to be partnership property."

Under the allegations of the bill, Clara Quinlivan Mullen is presumed to have an interest in the partnership real property which complainant alleges that he is entitled to have conveyed to him.

The rule is that all persons having a material interest in the litigation, or who are legally or beneficially interested in the subject matter of the suit and whose rights or interests are sought to be concluded thereby, are necessary parties. Petcher v. Rounsaville, 267 Ala. 237, 101 So.2d 324; Courington v. Kilgore, 264 Ala. 23, 84 So.2d 646. Clara Quinlivan Mullen has such rights and interests in the partnership property as to come within the application of this rule.

The demurrer to the bill as last amended was properly sustained.

Appellant is granted twenty days from the date of receipt of notice from the clerk of this court of this decision to amend as he may be advised.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.