ALMON, Justice.
This is a quiet title action. Plaintiff, Homer Ray Nelson, sued his sister, Loudo-nia Miller, and her son, Louis Donald Miller. Nelson claims that Mrs. Miller orally agreed to convey 80 acres of land to him in 1961, and that at that time he paid the purchase price and she put him in possession. In 1981 Mrs. Miller conveyed the same land to her son. At the close of the evidence presented at trial, the trial court granted a directed verdict for the Millers.
In 1945, Nelson and Mrs. Miller purchased 200 acres of land as tenants in common. They paid $1,650.00 cash and executed a note and mortgage for $1,750.00. In 1957, Nelson executed a warranty deed conveying his interest in 80 of the 200 acres to Mrs. Miller. In 1959, Mrs. Miller executed a warranty deed conveying her interest in the remaining 120 acres to Nelson. In 1961, the mortgage being in default, Nelson paid the balance due in order to prevent foreclosure.
Nelson alleges that when he was considering whether to pay the mortgage debt or allow foreclosure, Mrs. Miller told him that *1226-1228 she would give him her 80 acres if he paid the mortgage debt. He argues that by paying the mortgage debt, not seeking contribution from her, and entering into sole possession of the 200 acres, he has satisfied the exception to the Statute of Frauds. The Statute of Frauds requires that every contract for the sale of land be in writing “unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller.” Code 1975, § 8-9-2(5).
The evidence affirmatively showed that Nelson cleared part of this land in 1954 or 1955 and that he farmed it with Mrs. Miller in 1958, after he had deeded it to her. Nelson’s continuing possession could therefore be attributed either to the parties’ prior status as tenants in common or to their relationship as brother and sister. To come within the exception, possession must relate exclusively to the contract sought to be enforced. Merchants Nat. Bank of Mobile v. Steiner, 404 So.2d 14 (Ala.1981); Quinlivan v. Quinlivan, 269 Ala. 642, 114 So.2d 838 (1959). “Where the purchaser’s possession is referable to domestic or family relationship, as well as to the contract of purchase, it cannot be said to be referable solely to such contract within the requirements of the rule.” West v. McKay, 225 Ala. 397, 143 So. 573 (1932).
Mrs. Miller testified that Nelson remained on her property with her permission, and that he paid the taxes on it as rent. The land remained assessed in her name, and Nelson testified that he knew this when he paid taxes on it.
Because Nelson’s possession cannot be attributed exclusively to an alleged oral contract of sale, the alleged contract did not come within the exception to the Statute of Frauds. The trial court committed no error in directing a verdict for the Millers. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and HOUSTON, JJ., concur.