This case involves a summary judgment.
Gilbert M. Aust filed suit against Billy R. Webster in July 1992, alleging fraud (Count I) and demanding the return of $5,000, which Aust paid to Webster as part of a real estate transaction (Count II), plus costs and interest. Webster denied Aust's allegations and counterclaimed for specific performance of the contract.
In October 1992, Aust filed a motion, along with supporting documentation, seeking a summary judgment regarding Count II of his complaint and against Webster's counterclaim, citing the statute of frauds as a defense. In November 1992, Webster amended his counterclaim to add a count for breach of written contract. In November 1992, the trial court granted Aust's motion for summary judgment, and it ordered Webster to pay Aust $5,000 in damages, plus costs. Ultimately, that order was made a final order pursuant to Rule 54(b), A.R.Civ.P., and Webster appeals.
Webster contends on appeal that the trial court erred in granting Aust's motion for summary judgment regarding Count II of his complaint, and in granting Aust's motion for summary judgment regarding Webster's counterclaims.
Summary judgment tests the sufficiency of the evidence and is proper when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Melton v. Perry County Board of Education,562 So.2d 1341 (Ala.Civ.App. 1990). When a motion for summary judgment is made and supported, the party adverse to the motion must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), A.R.Civ.P. To overcome the motion, Webster was required to present substantial evidence supporting his position. *Page 848 
Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
Ala. Code 1975, § 8-9-2, states in pertinent part:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
". . . .
 "(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller."
Aust stated in his affidavit that he agreed to purchase a residence from Webster at 2400 Whitesburg Drive, Huntsville, Alabama, to use the property for commercial purposes. He further stated that Webster informed him that there were no restrictions on the property and that the property could be used for commercial purposes if a variance was obtained. Aust stated that he gave Webster a $5,000 check as "earnest money," but that the parties never executed a written contract for sale of the land. Aust stated that after discovering restrictions limiting the property use to residential purposes only, he demanded the return of his money and he stated that he never took possession of the property.
Webster contends in brief that the agreement does not violate the statute of frauds, because the check Aust tendered was a sufficient writing to satisfy the statute of frauds. On its face, the check contains some identifying information, including the names of the parties, the date, the check amount, Aust's signature, and some words describing its purpose.
We have reviewed the copy of the check contained in the record. Even if it were deemed to be a memorandum of the oral agreement, the information it supplies fails to sufficiently satisfy the requirements. Inter alia, it does not contain the full terms of the agreement, leaving much doubt and uncertainty, nor are there any specific dates for closing the agreement or for payment of the balance. See Tensaw Land Timber Co. v. Covington, 278 Ala. 181, 176 So.2d 875 (1965).
Although Webster argues that the check constitutes a written contract sufficient to satisfy the statute of frauds, he does not explain how information which is too indefinite to serve as a memorandum of an oral agreement can constitute a valid contract. The check fails to disclose the requisite mutuality of agreement, nor does it indicate an intention regarding the final expression of the parties' agreement. Although Houston v. McClure, 425 So.2d 1114 (Ala. 1983), suggests that a cashier's check may serve to satisfy the statute of frauds if it complies with the formalities, we find that the information on this check is simply too indefinite.
Webster contends that the trial court erred in granting Aust's motion for summary judgment against Webster's counterclaim for breach of contract and for specific performance. The remedy of specific performance is equitable in nature. Wilson v. Thomason, 406 So.2d 871 (Ala. 1981). The application of this remedy lies within the discretion of the trial court, and its ruling may not be overturned unless it is shown to be palpably wrong. Allen v. Storie, 579 So.2d 1316
(Ala. 1991). Equity may intervene when fraud operates from the beginning; however, equity will not intervene when one party merely refuses to perform. Darby v. Johnson, 477 So.2d 322
(Ala. 1985). Equity will not specifically enforce an agreement which falls within the statute of frauds. Quinlivan v.Quinlivan, 269 Ala. 642, 114 So.2d 838 (1959). We find no error in the trial court's grant of summary judgment as to Webster's counterclaim for specific performance.
Likewise, we find no error in the trial court's grant of summary judgment as to Webster's counterclaim for breach of contract. Failure to comply with the statute of *Page 849 
frauds renders such contract void. Ala. Code 1975, § 8-9-2;Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758 (1952). A void contract will not support an action for damages or breach thereof. See Shannon v. Wisdom, 171 Ala. 409, 55 So. 102
(1911).
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.