52 So.2d 692

### BLAIR v. THOMPSON.
3 Div. 590.

Supreme Court of Alabama.

May 24, 1951.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Jr., Asst. Attys. Gen., for appellant.

Hill, Hill, Stovall & Carter, Montgomery, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Montgomery County, in equity, rendered on October 9, 1950.

The testimony was taken orally before the trial judge and was taken down by the court reporter. The appeal was taken on October 11, 1950, two days after the decree was rendered. In compliance with the provisions of Equity Rule 56, Code 1940, Tit. 7, Appendix, the court reporter was required to transcribe the testimony. He is no longer the court reporter; he has left the state and it is not known where he can be located.

The certificate of appeal is in this court, but no transcript has been filed. Submission was had on motion of appellee to dismiss the appeal because of failure to file transcript as required by § 769, Title 7, Code 1940, which section provides that in equity cases the transcript should be filed in the office of the clerk of this court within sixty days from the date of taking of the appeal. However, it has been held: "An appeal will not be dismissed, nor the judgment affirmed on certificate, upon the ground that the transcript was not filed within sixty days in an equity cause as per Code, § 6107 [§ 769, Title 7, Code 1940], where the transcript was on file and the cause ready for submission on the merits at the first call of the division from which the appeal comes. * * *" Hinson v. Cook et al., 241 Ala. 70, 72, 1 So.2d 33, 35.

But in the instant matter the transcript was not filed at the time of the first or second call of the division from which the appeal comes. It is apparent from the answer filed by appellant to appellee's motion to dismiss that in all likelihood the transcript can never be filed, due to the fact that the transcript of the evidence cannot be obtained,

**614**

although appellant's counsel have been diligent in their efforts to obtain such transcript.

In view of the circumstances outlined above, we are constrained to the conclusion that the motion to dismiss the appeal is well taken and must be granted.

Appeal dismissed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.