58 So.2d 450

### STATE v. BARTON.
### 6 Div. 285.

Supreme Court of Alabama.
April 17, 1952.

Si Garrett, Atty. Gen., and A. J. Harris, Asst. Atty. Gen., for appellant.

Wayne H. Weaver, Haleyville, for appellee.

SIMPSON, Justice.

This cause was submitted on motion to dismiss the appeal and on merits.

The gravamen of the motion to dismiss is that the transcript was not filed within the time prescribed by law, thereby requiring a sustention of the motion.

We refer to the provisions of the statute pertinent to the motion to dismiss:

Section 769, Title 7, Code, with respect to equity cases (this is an equity case), requires the appellant to file the transcript in the office of the clerk of the supreme court within sixty days from the date of the taking of the appeal.

Section 770 provides that if the transcript is not so filed, the appellee may on any Thursday after the first call of the docket present the certificate of appeal and certified copy of the security for costs of appeal or supersedeas bond and move the court for a dismissal or an affirmance, etc., but that the court may for good cause extend the time of filing the transcript (We interpolate that appellant made no application for the benefit of any extension of time, and the transcript comprises only five pages, including the certificate of the register.).

Supreme Court Rule 41, Title 7 Appendix, pp. 1019–1020, Code, provides:

"In all cases, either civil or criminal, of appeal to this court, taken in vacation, except those subject to call during the first week of the term, and in all cases, civil or criminal, appealed during the term, unless the transcript is filed with the clerk of this court not later than the first day of the first week of the term during which the case is subject to call in this court, the appeal shall be dismissed at the cost of the appellant, unless good cause be shown to the court, by affidavit or affidavits, not later than the next Thursday, why said transcript was not filed within the time herein allowed."

The construction this court has lately accorded these several provisions, as here pertinent, is, if appellant fails to comply by seasonably filing the transcript and makes no sufficient showing as justification or excuse for such failure, the appellee, if diligent, is entitled to have the appeal dismissed on motion. And this even though dismissal is addressed to the sound discretion of the court, since some showing of extenuation for failure to comply must be made by the appellant in order to invoke the exercise of the court's discretion. Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893; Britton v. Bullen, 213 Ala. 659, 106 So. 138. See also Blair v. Thompson, 255 Ala. 613, 52 So.2d 692.

This seems to sum up the situation here. No reply is made to the motion to dismiss the appeal and nothing is offered in excuse for the dilatory filing of the transcript. Submission by appellant is on the merits alone. The decree below was rendered June 19, 1950. Appeal was taken July 8, 1950, and notice thereof was served on appellee July 12, 1950. On June 7, 1951, after two calls of the division had passed and no cause had been docketed in this court, appellee filed his motion to dismiss, accompanied by the certificate of appeal in due form. The transcript was not filed until February 29, 1952, and but a few days before the cause was submitted, and more than eighteen months after the taking of the appeal.

Consonant with the authorities hereinabove cited, we think we have no alternative except to sustain the motion. So ordered.

Motion granted and appeal dismissed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.