89 So.2d 270

**Ida DONAHOO et al.**

v.

**Clarence R. KERNS.**

**6 Div. 891.**

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Sept. 6, 1956.

Frank M. James and Watts E. Davis, Birmingham, for appellants.

Chas. W. Greer and Dempsey Pennington, Birmingham, for appellee.

SIMPSON, Justice.

This appeal is from a final decree rendered by the Circuit Court in Equity of Jefferson County.

The case is submitted on appellant's motion to strike the transcript and on the merits. The motion to strike is grounded on the failure to timely file the transcript as required by Supreme Court Rule 37, as amended. The motion is well taken and of consequence the case cannot be considered on its merits.

Revised Rule 37 provides:

"In all cases, either civil or criminal, the transcript shall be filed with the

clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the. record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order."

The rule, as appears, is that the transcript of the proceedings should have been filed in this Court within sixty days of the time of the taking of the appeal unless the time for the filing is extended by the trial court for good cause shown, etc. The difficulty here, however, is that the appeal was taken April 12, 1955, and the revised rules did not become effective until June 1, 1955. Thus the appeal was taken before the effective date of the revised rules. The question is whether under such a status old rule 41 (and §§ 769, 770, Tit. 7, Code of Alabama, 1940) as constructed by this Court control, or rule 37 of the new rules controls.

We hold to the latter view. The caption of the revised rules making them effective June 1, 1955, also provides, "that all appeals taken or filed, but not submitted prior to June 1, 1955, shall become subject to these rules on and after June 15, 1955." The instant appeal, therefore, having been taken before the effective date of the revised rules but not submitted until after that date, to wit, October 7, 1955, is governed by the new rules as of June 15, 1955. Rule 37, as quoted above, provides: "In equity cases the transcript shall be filed within sixty days of the taking of the appeal." (Unless, of course, the time had been extended by the trial court in accordance with the rules.) With respect to this appeal the transcript should have been filed in this Court within sixty days from June 15, 1955. It was not so filed, and the time was not extended by the trial court, resulting that the motion to strike the transcript is well taken and must be sustained, thereby requiring an affirmance of the decree.

We might also observe that even under old rule 41 and the Code sections, supra, although not here controlling, a motion to strike the transcript would be meritorious. Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758; State v. Barton, 257 Ala. 230, 58 So.2d 450.

Motion granted.

Affirmed.

All Justices concur.