88 So.2d 687

**BAGGETT TRANSPORTATION COM-
PANY, Inc., et al.**

v.

**ALABAMA PUBLIC SERVICE COM-
MISSION et al.**

3 Div. 730.

Supreme Court of Alabama.

June 30, 1956.

Lange, Simpson, Robinson & Somerville and Maurice F. Bishop, Birmingham and Jack Crenshaw, Montgomery, for appellants.

Wm. F. Black, Montgomery, for Public Service Commission.

John W. Cooper and D. H. Markstein, Jr., Birmingham, and Wm. Inge Hill, Montgomery, for appellees.

SIMPSON, Justice.

This is an appeal from a decree of the Circuit Court in Equity of Montgomery County affirming an order of the Alabama Public Service Commission.

■ The appellee transportation companies have filed a motion to dismiss the appeal grounded upon two theories: (1) the belated filing of the transcript; and (2) the belated filing of appellants' brief. The first ground is well taken, so we need not consider the second. Rather than dismissing the appeal we will strike the transcript and affirm the decree. See Donahoo v. Kerns, infra.

Appellee Public Service Commission, joined by the appellants, have filed a motion to have the cause remanded to the Commission for further proceedings.

■ As stated, the transcript was belatedly filed and must be stricken. Revised Rule 37, as amended, provides that in equity cases the transcript shall be filed within sixty days of the taking of the appeal unless the time for filing is extended by order of the trial court. Code 1940, Tit. 7, Appendix. This is an equity case. The appeal was taken March 30, 1955, the transcript was not filed in this Court until December 20, 1955.

This case belongs to that class which is governed with respect to the filing of the transcript by the following provision of the Revised Rules of this Court, to wit: "All appeals taken or filed, but not submitted prior to June 1, 1955, shall become subject to these rules on and after June 15, 1955." Therefore, as regards the instant appeal, the trial court not having extended the time in accordance with the prescription of

Rule 37, should have been filed in this Court within sixty days from June 15, 1955. Not having been so filed, and the time not having been extended by the trial court, the result must be that the transcript must be stricken, thereby requiring an affirmance of the decree. Donahoo v. Kerns, Ala. Sup., 89 So.2d 270.

■ But appellants, in order to avert the operation of the foregoing rule, contend that the failure to file the transcript and briefs on time was grounded upon their belief that their motion to remand the cause to the Alabama Public Service Commission for further proceedings filed June 29, 1955, if granted, would have obviated a consideration of the cause on the merits. Obviously, the position is not sustainable.

The motion to remand is, in effect, a request that this Court remand the cause, without a consideration on the merits, to the Commission so that the Commission may clarify the order affirmed by the circuit court from which the appellants have brought this appeal. It, of course, would be impossible for this Court to consider any remandment of the cause to any tribunal without a consideration on the merits, and the transcript having been stricken, we are, therefore, precluded from such a review.

Appellants and the Commission insist that the case of Birmingham Electric Co. v. Alabama Public Service Commission, 254 Ala. 140, 47 So.2d 455, supports their contention. Their argument runs thus: Section 82, Title 48, Code of Alabama 1940, in effect, provides that when a cause is appealed from the Public Service Commission to the circuit court that the circuit court hears the case on the certified record and may set aside the order if that court finds certain things to be true. The section further provides that: " * * * the court may, instead of setting aside the order, remand the case to the commission for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a suffi-

 

cient showing, remand the cause to the commission for the purpose of taking additional testimony or other proceedings." And appellants argue that the "court" referred to in § 82, means the Supreme Court or the circuit court as interpreted by Birmingham Electric Co. v. Alabama Public Service Commission, supra. In that case, however, this court ordered a remandment of the cause to the Commission for further proceedings and the taking of evidence after it was on appeal from the decree of the circuit court and was being reviewed here upon the merits. The final holding of the majority was that error was committed by the circuit court in failing (as directed by § 82) to remand the cause to the Alabama Public Service Commission. For that reason, this Court, upon authority of § 810, Title 7 of the Code (providing that the appellate court upon reversal may render such decree as the lower court should have rendered when the record enables it to do so) rendered a decree such as the circuit court should have rendered, viz, remanded the cause to the Commission for further proceedings. This Court was, however, in ordering such a remandment, acting upon authority of § 810, Title 7. This action cannot be construed as holding that the "court" referred to in § 82, Title 48, means the circuit court or the Supreme Court to the end that we could grant the instant motion to remand.

█ It is quite apparent to us that there is no authority to remand the cause to the Commission for further proceedings except as incidental to a review on appeal on the merits from a decree of the circuit court, where the record would disclose a situation where the circuit court should have remanded the cause to the Commission for that purpose. If such should be the status of the case, we could, under the ruling of the Birmingham Electric Company Case, supra, by virtue of § 810 of Title 7, render such decree as the circuit court should have rendered, namely, remand the cause to the Commission for further proceedings.

Since we are not reviewing the case upon the merits—the transcript having been stricken—and there is no authority to remand without a consideration upon its merits, the motion to remand is due to be overruled and the decree of the circuit court affirmed.

Motion to remand overruled and decree affirmed.

All the Justices concur except MERRILL, J., not sitting.