89 So.2d 225

Gordon STRIPLIN

v.

Charles KITTS.

7 Div. 403.

Court of Appeals of Alabama.

Aug. 14, 1956.

John R. Phillips, Anniston, for appellant.

Walter J. Merrill, Knox, Jones, Woolf & Merrill, Anniston, for appellee.

HARWOOD, Presiding Judge.

This cause was submitted upon a motion to dismiss, and upon the merits.

The motion to dismiss the appeal is made upon the grounds that: (1) The record was not filed in this court within sixty days of the establishment of the transcript of the evidence in the court below, and, (2), neither appellee nor counsel was served with a copy of the assignment of errors, as provided by Supreme Court Rule 1, Code 1940, Tit. 7 Appendix.

The record shows that the transcript of the evidence was filed with the clerk below on 21 December 1955.

No objections were filed to the transcript within ten days of its filing. It must therefore be deemed conclusively correct, and established as of the date of its filing. Section 827(1a), Title 7, Code of Alabama 1940.

Section 769, Title 7, Code of Alabama 1940, provides that the appellant shall file the transcript of the record in the office of the clerk of this court within sixty days after the establishing of the bill of exceptions. The transcript of the evidence is now deemed as constituting a bill of exceptions. Section 827(1), Title 7, Code of Alabama 1940.

Supreme Court Rule 37 likewise provides that where bills of exceptions have been abolished the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below.

The transcript of the record was filed in this court on 8 March 1956.

It thus appears that the transcript of the record was not filed in this court until some 74 days after the establishment of the transcript of the evidence in the court below.

The appellant has filed no reply to the appellee's motion to dismiss. Some showing of excuse for noncompliance by appellant with the statutes and rules of court governing the processing of appeals must be made before an appellate court can justifiably invoke the exercise of discretion invested in it in excusing such noncompliance. See State v. Barton, 257 Ala. 230, 58 So.2d 450. None has been made in this case.

The appellant has also failed to certify that a copy of the assignments of errors was served upon the appellee or his counsel, as required by Supreme Court Rule 1. The motion filed by counsel states that no copy has been served.

For the above reasons it appears that the appellant's motion is well taken and must be granted.

Record stricken.

Appeal dismissed.