105 So.2d 874

**Sarah J. LONG**

v.

**STATE of Alabama.**

**7 Div. 401.**

Supreme Court of Alabama.

Sept. 11, 1958.

Rehearing Denied Oct. 30, 1958.

Love & Hines, Talladega, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for appellee.

GOODWYN, Justice.

The state, on relation of the circuit solicitor, filed a bill of complaint in the circuit court of Talladega County, in equity, against John Harold Long seeking condemnation and sale of a truck allegedly used by Long for the illegal transporting of prohibited liquors or beverages from one point in the state to another point in said county; and also seeking condemnation and sale of the alleged prohibited liquors or beverages being transported (577 cases of beer). Long filed a disclaimer of any interest in the truck and beer. Sarah J. Long, appellant here, filed a petition for intervention claiming ownership of the truck and beer and seeking a decree declaring such property not subject to condemnation by the state and ordering its return to her.

An oral hearing was had before the trial court on "February 29 [sic], 1958." On March 7, 1958, a final decree of condemnation was rendered. On March 19, 1958, appellant filed in the trial court a notice of appeal, with a prayer that the court suspend its judgment pending appeal upon the giving by appellant of a supersedeas bond to be set by the court in accordance with § 795, Tit. 7, Code 1940. On the same day the trial court set the bond at $4,000. On March 24, 1958, the prescribed bond was filed by appellant and approved by the register. An appeal citation was issued and served on the circuit solicitor on March 27, 1958 (whether the citation should have been served on the attorney-general instead of the circuit solicitor is not a question requiring discussion on this appeal). The record was filed here on May 31, 1958. Submission was had on August 19, 1958, on the state's motion to strike the record and affirm the decree of condemnation, and on the merits.

The basis for the motion is that the appeal was perfected on March 24, 1958; that the record was due to be filed here

**346**

within sixty days thereafter, that is, not later than May 23, 1958, since the time for filing was not extended; that since the record was not filed until May 31, 1958, it is due to be stricken and the decree appealed from affirmed.

We have no alternative but to grant the motion. Rule 37 of the Revised Rules of Practice in the Supreme Court, as last amended on February 17, 1956, 263 Ala. XXI, Code 1940, 1957 Supp., Tit. 7 Appendix, p. 107; Baggett Transportation Co. v. Alabama Public Service Commission, 264 Ala. 551, 552, 88 So.2d 687; Donahoo v. Kerns, 265 Ala. 24, 25, 89 So.2d 270.

Another reason why the decree must be affirmed is that there is no assignment of error made in accordance with Rule 1 of the Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XX, Code 1940, Tit. 7 Appendix, Cum.Pock. Part. Southern Benefit Life Ins. Co. v. Holmes, 265 Ala. 48, 49, 89 So.2d 530; Tidwell v. Town of Town Creek, 264 Ala. 330, 87 So.2d 646; Dobson v. Deason, 258 Ala. 219, 61 So.2d 764.

Motion granted.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.