172 So.2d 389

**STATE of Alabama**

v.

**BLOUNT BROTHERS CORPORATION.**

3 Div. 146.

Supreme Court of Alabama.

Feb. 25, 1965.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and B. Frank Loeb, Asst. Attys. Gen., for appellant.

Capell, Howard, Knabe & Cobbs, Fontaine M. Howard and Rufus M. King, Montgomery, for appellee.

SIMPSON, Justice.

This is an appeal from the Circuit Court of Montgomery County, in Equity, by the State from a decree of that court cancelling and setting aside a final assessment made by the State of certain sales taxes which were sought to be imposed upon appellee.

Appellee is engaged in the general contracting business in the State of Alabama with a major portion of its activity consisting of paving roads. The subject matter of the sales tax is the use by appellee of asphaltic concrete.

The taxes are sought to be assessed upon appellee under the provisions of § 786(2) (m), Title 51, Code of Alabama 1940, as amended, which provides as follows:

"The use within this state of tangible personal property by the manufacturer thereof, as building materials, and the performance of a construction contract, shall, for the purposes of this article be considered as a retail sale thereof by such manufacturer, who shall also be construed as the ultimate consumer of such materials or property, and who shall be required to report such transaction and pay the sales tax thereon, based upon the reasonable and fair market price thereof at the time and place where same are used or consumed by him or it. The provisions of this subsection shall not apply to any tangible personal property which is specifically exempted from the tax levied in this article."

Appellee contends that it does not "manufacture" the asphalt which it applied in performing the contracts on which this assessment is based and in the alternative if appellee did "manufacture" the asphalt applied in the performance of the contract appellee contends that the State has discriminated against appellee in the interpretation and application of the law so as to violate the rights of appellee as a taxpayer as guaranteed by the State and Federal Constitutions. The State on the other hand contends that appellee is a "manufacturer" within the meaning of the statute and Regulation B27-082 of the State Department of Revenue. Regulation B27-082 provides that road contractors using plant mixed hot or cold type bituminous or asphalt road surfacing materials manufactured by themselves are liable for sales tax thereon to be measured by the fair market value of such materials at the time and place where used in accordance with the provisions of § 786 (2) (m). Regulation B27-081 provides in substance that § 786(2) (m) does not apply when the materials are cut and fitted on the job site for attachment as construction progresses and the regulation further provides "concrete mixed on the job as used would not come within the provisions of § 1(m) ".

In each of the road building contracts where this assessment was made the asphalt was mixed in a portable asphalt plant mounted on wheels which was moved to the particular job site for the sole purpose of performing that particular construction contract. The portable plant was set up on a temporary basis near the roadbed on which the asphalt was to be placed and the asphalt was mixed in the plant and carried by truck a distance varying from a few hundred yards to a few miles which depended on the location of the plant and the length of the span of the road under contract. The lower court made the specific finding that this operation constituted mixing on the job or mixing on the job site

within the meaning of the term "job" or "job site" as used in Regulation B27–081. The trial court made these further findings of fact, as follows:

"The Court further finds that Tax Regulation B27–081 is a correct interpretation of the statute which said regulation amplifies, however, the Court finds that asphalt plant mix prepared and used as in this case, comes within the exceptions of exemptions set forth in said regulation.

"Concrete and asphalt plant mix are highly competitive products in the vast roadbuilding program of this State and the cost of the paving materials is one of the fundamental considerations used by the Highway Department in reaching a conclusion as to whether a particular span of road should be paved with asphalt or concrete. The Court further finds that it is the established policy of the Revenue Department and it was the policy during the term of the period of this assessment to exempt concrete mixed on the job from the provisions of the statutes referred to. The Court further finds from the evidence that no material or significant difference exists between the process used for Portland Cement concrete and asphaltic concrete, nor in the locations of the temporary plants in each instance, and therefore no rational cause exists for any differential in treatment taxwise between the two products.

"The Court finds that the exemption from the tax of concrete mixed on the job without also exempting asphalt mixed on the job, such as was the case in the performance of the contracts out of which this assessment grew, is arbitrary and discriminatory and violates the protection of the laws provisions of the State and Federal Constitutions."

Appellee aptly pointed out that § 786(2) (m) does not use the common phrase of the other provisions of the sales tax act, viz.: "manufactured or compounded" or "a manufacturer or compounder" but this section is limited to "manufacturer" and this distinction in the interpretation and application of this statute should be considered as significant. In the case of State v. Try-Me Bottling Company, 257 Ala. 128, 57 So.2d 537, we stated as follows:

"The words manufacturing, processing and compounding are used disjunctively in the statute and are evidently intended to have a broad and all inclusive meaning. There is no attempt in the statute to limit or qualify their meaning. In other words, the three words so used are intended to cover all the operations or processes by which the finished or ultimate product has been integrated from elements originally diverse in their forms."

■ We perceive therefore the use of only one of these words must have been intended to have a narrow and restricted meaning. It would appear that appellee is not a "manufacturer" within the meaning of § 786(2) (m), supra.

■ The presumption in favor of the correctness of the lower court's findings of fact and conclusions on issues of fact where the testimony is taken ore tenus is well known in this jurisdiction and is apposite in this case. As we stated in Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809:

" * * * we refer to the favorable presumption of correctness attending the trial court's conclusion on issues of fact in such cases. On a hearing ore tenus, such conclusions will not be disturbed unless palpably erroneous and are against the great weight of the evidence; and it is not necessarily what view the reviewing court might have of the evidence, but if under any reasonable aspect the decree below is fairly supported by credible evidence, it is our duty to affirm."

**508**

We are at the conclusion that the trial court's findings are not palpably erroneous and that we are bound by that court's decision in these particulars.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.