WRIGHT, Presiding Judge.
The State appeals from a judgment of the Circuit Court of Mobile County, setting aside a final assessment of sales tax. We affirm.
The primary issue presented by the appeal is whether the gross proceeds of sales of nets, trawl boards, cables and related equipment to commercial fishing vessels of more than 50 ton burden are exempt from sales tax under Tit. 51, § 786(34)(k) of the Code of Alabama (1940) as last amended by Act No. 1169 in 1973. The statute is as follows:
“Sec. 786(34) Exemptions — There are exempted from the provisions of this article and from the computation of the amount of the tax levied, assessed or payable under this article the following: . (k) The gross proceeds of the sale or sales of materials, equipment, and machinery which enter into and become a component part of ships, vessels or barges of more than fifty tons burden, constructed or built within this state.”
The trial court considered the case upon the pleadings and stipulation of fact. In addition to appellee Sprinkle Net, there were several other firms with assessments against them. Because of common issues, all were consolidated for trial and judgment.
It was stipulated that the materials sold and assessed for sales tax were nets and related equipment. They were sold to commercial fishing vessels of over 50 ton burden, constructed or built within the state.[1] *610 The equipment sold comprises part of the total fish or shrimp-catching paraphernalia necessary to the commercial function of the vessel. Such equipment breaks or wears out and replacements are purchased' and installed. The nets and their appurtenant parts are attached to the vessel, but they may be removed without affecting the seaworthiness of the vessel. The vessel is specially constructed for the purpose of commercial fishing and is unable to serve such purpose without the equipment. Do the nets and related fishing gear enter into and become a component part of the vessel? That is the question.
The State limits its consideration of determining what is a component part to a general vessel — that is a hull that floats and is capable of moving and navigating but is not adapted to any special use. Though there seems to be an absence of definition in the cases, the phrase “which enters into and becomes an ingredient or component part of” appears in several other exemption statutes.[2] Each of such statutes related to manufacturer, compounder or processor exemptions. We have carefully studied the cases which have considered whether certain materials “entered into and became component parts of” the manufacturing process or of the product manufactured.[3] We have found none which shed much light on vessels and fish nets. Therefore, we present our own view of the legislative intent. Finding that intent is the ultimate goal of statutory construction. Smith v. State Dept. of Pensions and Sec., 340 So.2d 34 (Ala.Civ.App.1976).
We recognize that an exemption statute uncertain in language is to be construed against the taxpayer. State v. Hunt Oil Co., 49 Ala.App. 445, 273 So.2d 207 (1972), cert. denied, 290 Ala. 371, 273 So.2d 214 (1973). However, that principle does not require a strained interpretation in favor of the taxing authority. Considering the term “component part” in relation to a vessel, it is totally illogical to disregard the special purpose for which the respective vessel was designed and constructed. In applying the statute, there cannot be only one vessel with unvarying component parts. Every vessel or type of vessel has many different component parts according to the use intended for it. A vessel constructed for towing has many components different from those necessary to a shrimp boat. Recognizing that the purpose for which it was constructed or the use to which it is adapted must be considered, we hold that the fishing nets and related attached equipment and material enter into and become component parts of a fishing vessel when attached thereto or installed thereon. Under the application of § 786(34)(k) by the State in this case, the gross proceeds of the sale of the nets and related equipment are exempt from sales tax.
We are unable to discern the reason for the trial court limiting the exemption to a net for immediate installation and one reserve on board. Technically, we suppose the exemption would not be available until installation, but obviously a net would not be purchased except for installation at an appropriate time. Therefore, we consider that as many such nets as a fisherman might wish to purchase would be equally exempt, though it is not appropriate for us to so hold on this appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. There is no question presented on this appeal as to whether the statute is a builder’s exemption and applies only to materials and equipment used in original construction. The Revenue Department of the State apparently considers that the exemption applies to all sales of equipment and materials which enter into and become component parts of the vessel, whether upon original construction if built within the state or as repairs or replacement throughout *610 the lifetime of the vessel. For the purposes of this appeal we consider the statute on the same premise.

. Tit. 51, §§ 786(2)(h), 786(2)(i), 786(2)0, 787(d), 787(e), 789(n).

. State v. United States Steel Corp., 281 Ala. 553, 206 So.2d 358 (1968); Holloway v. State, 262 Ala. 437, 79 So.2d 40 (1955); Poer v. Curry, 243 Ala. 76, 8 So.2d 418 (1942); State v. Southern Kraft Corp., 243 Ala. 223, 8 So.2d 886 (1942).