This is a tax case.
The Alabama State Department of Revenue assessed sales and use taxes against the taxpayer. The taxpayer appealed to the Circuit Court of Montgomery County which set aside the assessment. The Department appeals.
The dispositive issue on appeal is whether the trial court properly determined that the use of parts and materials in manufacturing prototype machines which are sold or held for sale by the manufacturer is exempt from Alabama's sales and use taxes. We hold that it did and affirm.
The record reveals this case was submitted to the court below on stipulated facts. The facts are as follows: The taxpayer is in the highly competitive business of manufacturing railroad maintenance equipment. It manufactures approximately twenty different machines.
In order to sustain its competitive position in the industry, the taxpayer constantly improves its machines by building prototypes. The prototypes are modifications, in varying degrees, of existing equipment.
After manufacturing a prototype, the machine is operated under working conditions, demonstrated to customers and offered for sale. If the machine does not operate successfully, it is scrapped. The record reveals however that it is the taxpayer's intent that a prototype will be successful and that it will be sold following its manufacture.
In this regard, the record indicates that the taxpayer manufactured two such prototypes; *Page 1327 
a Model 72 undercutter ballast cleaner and a model ballast regulator. These machines were sold for approximately $455,000 in the spring of 1978 after being held for sale and demonstrated to customers. The equipment was manufactured from stock and materials taken from inventory in the manner in which the taxpayer builds its stock production machines. The State, notwithstanding the fact that the taxpayer was offering the prototypes for sale prior to the assessment and sold them shortly thereafter, assessed the taxpayer with sales and use taxes under §§ 40-23-1 (a)(10) and 40-23-60 (5), Code of Ala. 1975.
On appeal, it is the State's contention, through able counsel, that the taxpayer is liable for sales and use taxes because the withdrawal of inventory materials is for the construction of experimental models to be used for the purposes of research and development. The State further contends that where a manufacturer builds prototypes, such equipment is intended to and is manufactured for the personal and private use of the taxpayer and therefore the manufacturer must report and pay the taxes thereon. We disagree.
At the outset we observe that tax laws are to be strictly construed against the taxing power and with favor indulged toward the taxpayer. Montgomery Aviation Corp. v. State,275 Ala. 266, 154 So.2d 24 (1963); State v. Ben R. Goltsman Co.,261 Ala. 318, 74 So.2d 414 (1954).
Pursuant to § 40-23-1 (a)(10) and § 40-23-60 (5), a manufacturer is liable for retail sales and use taxes where he withdraws materials from inventory purchased at wholesale, manufactures a product, and uses the same for his personal or private purposes. See, e.g., State v. Air ConditioningEngineers, Inc., 277 Ala. 675, 174 So.2d 315 (1965). Sections40-23-1 (a)(10) and 40-23-60 (5) provide:
 The term "sale at retail" or "retail sale" shall also mean and include the withdrawal, use or consumption of any tangible personal property by anyone who purchases same at wholesale, . . . except property which enters into and becomes an ingredient or component part of tangible personal property or products manufactured or compounded for sale and not for the personal and private use or consumption of any person so withdrawing, using or consuming the same; and such wholesale purchaser shall report and pay the taxes thereon.
The "self consuming" features of the statutes were enacted to reach transactions which could not otherwise be taxed because, although there is a withdrawal from inventory by the purchaser at wholesale, there is no subsequent sale by him to another.State v. Barnes, 45 Ala. App. 522, 233 So.2d 83 (1970). In order for tax liability to obtain in a particular "self consuming transaction," there must, of necessity, be a personal and private use or consumption by the manufacturer. See, e.g.,State v. Kershaw Mfg. Co., 273 Ala. 215, 134 So.2d 740 (1962). As set forth below, there is no such personal and private use or consumption by the taxpayer in this instance.
The State, as we perceive its argument, contends that the taxpayer personally and privately benefits from the use of its prototypes because the prototypes are manufactured for the purpose of research and development, i.e., to enhance general engineering knowledge or to add to the esoteric state of the art in resolving theoretical problems. The stipulated facts belie this contention.
The taxpayer manufactures prototypes for sale. It spent approximately $825,000 in developing prototype equipment and of this it sold 58% to customers. As we noted above, two particular machines were sold for $455,000 shortly after the State's assessment. Furthermore, it offered for sale or demonstrated other prototypes which account for an additional 15% of the budget. The remaining 28% of the prototype expenditures represent materials incorporated into unsuccessful prototypes which *Page 1328 
were scrapped or materials which the taxpayer consumed in the manufacturing process, i.e., that portion of the prototype budget which the taxpayer personally consumed. Accordingly, the taxpayer agrees that taxes are due and owing for consumption of materials which were used or scrapped.
We are therefore in agreement with the trial court's finding that:
 Based on the facts before it, this Court finds that Kershaw's intent was to manufacture machines to be sold to customers. . . . Kershaw manufactures prototypes for sale. . . .
 This Court further finds that Kershaw's prototype program is not the equivalent of a withdrawal of parts and materials from inventory to perform research and development. Kershaw does not put materials and parts withdrawn from inventory for prototype machines to personal and private use or consumption. Rather, Kershaw withdraws parts and materials used in its prototype program to manufacture machines for sale.
In addition to what we have said, we observe that the incidence of our retail sales tax is placed upon the consumer and not the producer. See, e.g., State v. Thiokol ChemicalCorp., 46 Ala. App. 558, 246 So.2d 447 (1970), affirmed,286 Ala. 739, 246 So.2d 454 (1971). If the producer is himself a consumer, then he is liable for the taxes. However, there is no requirement that a manufacturer produce a product under a contract for sale in order to demonstrate that the product is not manufactured for his personal use. The mere absence of such a contract is not, in and of itself, proof that the producer intended to use the equipment for his private purpose. Thiokol,supra.
Where, as here, a manufacturer produces prototype equipment which it sells, offers to sell or demonstrates for the purpose of an ultimate sale, the use of materials purchased at wholesale in its manufacturing is not a taxable event within the meaning of §§ 40-23-1 (a)(10) or 40-23-60 (5).
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.