WRIGHT, Presiding Judge.
This is an appeal from a confirmation of a final assessment of sales tax which involves an issue of first impression in the application of the sales tax statute.
Thompson Tractor Company (Taxpayer) is an Alabama corporation with its principal place of business in Birmingham. Taxpayer engages in the business of selling heavy equipment and vehicles for use in construction and mining.
An assessment for delinquent sales taxes was made against Taxpayer after audit for the period of September 1, 1973, through June 30, 1976. The assessment arose from Taxpayer doing business in the following manner:
In addition to cash sales, Taxpayer offers equipment for lease with written or oral option to purchase. Under the terms of the option, if the conversion from lease to purchase is elected, the rental paid during the lease is applied to the cash purchase price in full, after deduction of taxes, insurance, recording fees and finance charge accrued during the rental period. Sales taxes are then to be calculated on the balance remaining. The cash sale price in effect at the inception of the lease is always stated thereon. Conversion from lease to purchase may be made at any time. Calculation of a 5% finance charge on the remaining balance of the cash sale price, after deduction of the rental price, is made daily during the rental period.
Contrary to the stated lease provision, in actual practice, when conversion is elected, the total rent paid, without any deduction for taxes, insurance or finance charge, is deducted from the original sale price. Sales tax is calculated on the remainder. The finance charge, calculated as described above, is then added to the remainder of the sales price together with title fees and insurance to constitute the conversion price.
If the lease, without exercise of the purchase option by the lessee, runs sufficiently long for the sales price plus the 5% finance charge and other charges to be paid through rental payments, title to the leased *495 equipment is transferred to the lessee and the transaction is terminated. At times, because of delay in calculation, a credit or rebate may accrue to lessee because of overpayment.
Rental tax under § 40-12-220' et seq., Code (1975) is paid monthly on the rental paid by the lessee. Sales tax is paid at the time of conversion upon the difference between the original cash sales price and the total of rental paid. There was thus either a rental tax or a sales tax paid in each transaction on a sum equal to the original cash sale price. The tax rate of 1.5% is applied to both rental and sales gross receipts.
The assessment of the State was appealed by Taxpayer to the Circuit Court of Jefferson County. The matter was there heard orally by the judge. Judgment was entered against the Taxpayer sustaining the assessment by the State. Taxpayer has appealed, contending here the same issue presented to the trial court. That issue is stated differently by Taxpayer and the State.
Taxpayer states the issue as follows: When taxpayer’s customer who is in possession of heavy equipment under a lease-purchase agreement with taxpayer either completes the purchase by a cash payoff or obligates itself to complete the purchase by the execution of a note, is sales tax due on the separately stated finance charges which taxpayer requires the customer to pay on account of the deferred payment of the sales price?
The Department of Revenue states the issue to be:
Was the lower court correct in ruling that under § 40-23-l(a)(8), Code (1975) finance charges which are attributable to the period during which taxpayer’s equipment is leased to a customer and which are a part of the expenses and overhead of taxpayer’s rental business, are part of the “gross receipts” of sale when said lease is converted to a sale by the customer under an option to purchase contained in the original lease agreement?
It is to be seen that the Taxpayer and the State view the transactions from which the assessment arose in different ways. The difference appears to be that Taxpayer considers the taxable transaction as a sale from the beginning, phrasing it in its issue as a “lease-purchase” agreement. On the other hand, the State considers there are two transactions — a lease subject to the rental tax statutes, a sale at the time of conversion — subject to the sales tax statute.
Taxpayer submits that both it and its customers treat the transaction as a sale for accounting purposes. It does not depreciate the leased equipment nor take investment tax credit and the lessees inventory it, depreciate it, take investment credit, all before the conversion and passage of title. Taxpayer accounts for the finance charge paid at conversion as interest income and pays income tax on it. The customer accounts for such payment as an interest expense.
The State submits that such accounting treatment by Taxpayer and its customer does not alter the fact that there are two transactions — first a lease and then a sale; that the “finance charge” paid at time of sale but accruing during the rental period, is not a charge on the sale but is, in fact, a recovery of cost of doing business during the rental period.
After consideration of the testimony which is largely undisputed as to the basic facts, the briefs and argument of counsel, the applicable statutes and the judgment of the trial court, which contains an excellent, well-reasoned discussion of findings and conclusions of fact and law, this court finds itself in agreement with the position of the State.
We see the matter as follows: The charge termed “finance charge” paid by the lessee-purchaser at the time of conversion of his contract from a lease to a purchase, but accrued during the period of lease, is calculated in fact as a recovery of expense of owning the leased equipment. Such charge accrues daily at the rate of 5% on the amount of the cash sale price of the leased equipment as diminished or reduced by the deduction of the rental payments *496 received. It is undiminished for the days a rental payment is past due. It is recognized as a cost of doing business by the insertion of the proviso in the lease that it is to be deducted from the rental price at the time of conversion to a purchase, in determining the conversion sale price.
The evidence shows that it is not, in fact, included as an investment, or interest on investment, expense in the total rent charged, because it is not paid during the rental period. It is not actually paid as a part of the rental fee, because it is not deducted from the original cash sale price at the time of the conversion of lease to purchase as provided in the lease. If it were paid as it accrued during the rental period, it would be a part of “gross proceeds” as defined in § 40-12-220(4) and subject to the 1.5% rental tax under § 40-12-222.
Taxpayer contends that § 40-23-1(a)(8) and Department of Revenue Rule Cl-021 permit a separately charged “finance charge” to be excluded from the “gross receipts” of a sale subject to sales tax. Therefore, the exclusion of the “finance charge” from the sale price at time of conversion is proper, though such charge is not a “finance charge” or interest upon the extension of credit or for use of Taxpayer’s money subsequent to sale, but in fact is payment of a charge already accrued prior to purchase.
Such contention of Taxpayer is untenable. Clearly the exclusion of interest or “finance charge” from “gross receipts” in the statute refers to the future financing of the purchase price at the time of sale.
Taxpayer contends that the failure to deduct the “finance charge” from the conversion sale price results in the combined lease tax and sales tax exceeding the amount of sales tax that would have been paid had there been a cash sale at the original sale price. This may be true; however, there was no cash sale. Instead there was both a lease and a sale. Taxation is determined by two statutes instead of one. Had the 5% interest on taxpayer’s investment in the leased equipment referred to in the lease agreement actually been included in the rental price, rental tax paid on the gross receipts from the lease, and such interest deducted as authorized at the time" of conversion to a sale, there would have been no need' for recapture of accrued interest. The sum of rental tax and sales tax would have been as is now claimed by the State.
The trial court correctly noted that in instances where the lease is neither converted to a sale nor continued long enough for the rent paid to equal the cash sale price plus accrued finance charge, such finance charge is not recovered but absorbed in the cost of doing business.
Taxpayer’s argument is largely premised upon its interpretation of Department of Revenue Rule Cl-021 which states:
When the seller has an established price for the goods he sells, that price is the amount to be included in gross proceeds of sales even though the established price may include an amount to cover a carrying charge. When the seller has an established cash price, and when selling on an extended payment basis adds a separate charge for financing, the additional charge is not included in the gross proceeds of sales.
This rule is not applicable to rental tax and as heretofore indicated may not be applied to finance charges already accrued prior to the incident of sale. It is conceded by the State that a separately-stated charge for financing the balance owed after conversion is not subject to sales tax. There is at times a financing of the balance due at conversion through extended payments. The charge for that financing if stated separately is not included in the sale price and taxed. However, the finance charge accrued during the rental period if added back to the sale price at conversion is a part of the amount financed, and thus subject to sales tax.
Taxpayer contends for a strict construction of the statutes against the taxing authority. There is such a rule of construction. State v. Kershaw Manufacturing Co., 372 So.2d 1325 (Ala.Civ.App.1979). *497 However, it is applicable only where there is some ambiguity contained in the statute. We find no ambiguity in the statute when the term “finance charge” is given its usual and customary meaning. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.