HOLMES, Judge.
Bean Dredging Corporation (taxpayer) appeals the trial court’s finding that certain equipment used in taxpayer’s business is not exempt from use tax under § 40-23-62(14), Ala. Code (1975).
This case was tried on the pleadings and stipulation of facts. The following, properly considered by the trial court, is pertinent.
The taxpayer is in the dredging business and was awarded a contract by the Corps of Engineers to dredge the Theodore Ship Channel in Mobile River. An assessment was made on the purchase of dredging discharge pipe delivered to taxpayer’s Alabama job site and the taxpayer was required to pay a use tax on the pipe.
The discharge pipe is part of a discharge transportation system made up of an auger, pump, and barges used to house the pump and auger and to lay the pipe. The discharge pipe is used to transport silt, sand, and sludge from the channel to dumping areas specified in the contract.
The issue in this case is whether the discharge pipe constitutes “materials, equipment and machinery which enter into and become a component part of ships, vessels or barges” and is therefore exempt from use tax under § 40-23-62(14), Ala. Code (1975).
Section 40-23-62(14) states in pertinent part:
“The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article:
“(14) The use, storage or consumption of materials, equipment and machinery which enter into and become a component part of ships, vessels or barges of more than 50 tons burden, constructed or built within the state.”
The vessels or barges in the instant case are definitely “barges of more than 50 tons burden_” The discharge pipe is approximately twenty-seven inches in diameter, with a three-quarter inch wall. The pipe is attached to the barges at a heavy duty ball joint by some dozen heavy bolts. Each joint of pipe is fifty feet long and weighs *1011 five and three-tenths tons. At its greatest distance from the dumping site, over six miles of pipe is required to reach from the barge to the dump.
In order to attach sections of discharge pipe to a dredging barge or vessel, when submerged pipe is involved, it is necessary to shut down its operation for two to three and perhaps more hours; and the sections are of sufficient weight that they have to be handled during the attaching process by a crane mounted on another barge. A similar period of time and usage of a crane is required to detach sections of such pipe from the dredging barge or vessel.
The dredged material could not be loaded onto other barges or vessels due to the amount of clay in its composition. This along with the fact that the spoil had to be deposited at a dump site some miles from the dredging site precluded any other method of transportation besides the discharge pipes. There is some question as to how mobile the barge is when the pipe is attached.
The taxpayer, through able and distinguished counsel, relies heavily on State v. Sprinkle Net Shop Inc., 351 So.2d 608 (Ala.Civ.App.1977), to support its contention that the discharge pipe is a component part of the barge as contemplated by § 40-23-62(14).
The Sprinkle Net Shop case appears to be the only Alabama case construing the particular subsection of 40-23-62 that is involved in the present case. In Sprinkle this court held that fishing nets used on a shrimp boat were exempt from use tax by virtue of § 40-23-62(14). However, that case can be distinguished from the case at bar.
In Sprinkle the shrimp boat was specially designed and constructed for the purpose of commercial fishing and was unable to serve such purpose without nets. There is no evidence in this case that without the pipe the barge would be useless in the dredging business. In fact, it can be reasonably inferred from the record that there are other methods for transporting dredged material than discharge pipes. It is true that dredging on this particular job could not be performed properly without the discharge pipes; however, that does not necessarily mean that the pipe is a “component part” of the barge as contemplated by § 40-23-62(14).
The emphasis of this statute is placed on the determination of whether the evidence shows that the equipment in question becomes a component part of the vessel. The emphasis is not on the particular job to be performed at a given instant; that is only one factor to be considered and is not necessarily controlling. Just because a certain part is necessary to accomplish a particular job does not automatically make that part a “component part” within the meaning of the statute.
To stretch an analogy, a crew is certainly necessary for the operations of the dredging barge, but it is also clear that a crew of men is not a “component part” of the vessel.
A sensible construction must be given to a statute and any general terms used in the statute should be so limited as to give a practical, reasonable, and sensible application. Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757 (1960). To construe the present statute so as to include the pipe in question in the exemptions would not lead to a sensible application.
In the present ease it does not logically follow that over six miles of pipe can be a component part, as intended by the legislature when it enacted § 40-23-62(14), of a barge only as long as a football field (one hundred yards). To hold otherwise would be a strained interpretation of the statute. It is not logical that a component part could overwhelm the vessel. There could conceivably be no limit on the length of pipe used. To hold that pipe stretching from Mobile to Muscle Shoals is a component part of a barge is not reasonable, to say the least.
The fact that the auger, the pump, and the discharge pipe together are called a *1012 discharge transportation system is also indicative that the pipe is a separate piece of equipment apart from the barge. In other words, the function of the discharge pipe is sufficiently separate or distinct from the function of the barge so that they can be viewed as two individual pieces of equipment used in conjunction to remove the sand and silt from the channel.
It also appears that the pipes, although certainly equipment, do not enter into and become “a component part” of the barge. It is fairly evident, in view of the evidence in original submission, that a barge cannot be very navigable with six miles of pipe attached.[1] When moving from site to site, the pipe must be disassembled and loaded on another barge or towed behind a self-propelled vessel to transport it.
An exemption statute uncertain in language is to be construed against the taxpayer. State v. Sprinkle Net Shop, Inc., 351 So.2d 608 (Ala.Civ.App.1977). In view of the above, this court believes it would be contrary to the intent of the legislature to hold that the discharge pipe is exempt from use tax. In other words, we find that the trial court was correct in determining that the pipe was not exempt.
It appears to this court that in view of the qualifying portion of the pertinent exemption statute, to wit, “... constructed or built within the state” there is serious doubt as to the applicability of the statute to the instant taxpayer. However, taxpayer argues that the qualifying portion is unconstitutional. In view of the above, we, as the learned and distinguished trial judge, do not find it necessary to resolve that issue.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.

. The trial court was not required in this instance to consider evidence submitted to it after entry of its decree.